Battle, J.
 

 The grounds upon which the defendant based his application for a new trial in the Court below, have all been abandoned, and properly abandoned, by his counsel in the argument here. The case of the
 
 State
 
 v.
 
 Shaw,
 
 4 Jones’ Rep. 440, is an authority in favor of the charge of his Honor in relation to the doubt; while that of the
 
 State
 
 v.
 
 Haney,
 
 2 Dev. arid Bat. Rep. 390, shows that it is no legal objection to the conviction of a defendant, that it is founded on the unsupported testimony of an accomplice.
 

 But the counsel -for the defendant insists, -before us, that his
 
 *20
 
 client is entitled to a
 
 vcmire de m-ovo,
 
 for the reason that there is, as he alleges, a variance between the charge in the indictment and the proofs as to the identity of the thing stolen. He contends that the indictment charges the defendant with stealing an
 
 ox,
 
 which
 
 ex vi termini,
 
 means a
 
 live ox,
 
 whereas, the testimony as set forth in the case stated by the Judge, shows, as he insists, that the ox was dead when it was stolen. Without intimating, or intending to-intimate, the slightest opinion that the objection would be a good one, were it open to the defendant, we hold that he is not now at liberty to urge it. The case stated by the presiding Judge, upon an appeal to this Court, has long been considered, and properly considered, as the bill of exceptions drawn up and filed by the appellant. As such, the facts set forth in it, are taken to have been stated with reference only to- the errors assigned by him to have been committed on the trial. Uothing ought to appear therein except what is necessary to raise the questions as to the sufficiency of the alleged errors. If an objection can be taken because more or less of the testimony, is set forth, than is proper for showing the pertinancy of the exception, the appellee will be in constant danger of being prejudiced by an apparent error, which a statement, more or less full, made in refence to it, would have removed. Thus, in the case before us, if the objection, which the defendant now insists upon, were a good one, (which we do not admit,) it might have been obviated by a statement, which, so far as we know, the facts might have justified, that before shooting the ox, the defendant furtively drove it to the place where he killed it. But as no such objection was taken, or even hinted at on the trial, we cannot know that all the testimony in relation to it, is stated in the bill of exceptions. The objection must, therefore, be overruled. It can hardly be necessary for us to say, that any error which may appear on the record proper, to wit, the process, pleadings, verdict and judgment, and which is not cured by the 3rd chapter of the Rev. Code concerning amendments, is open to the objection of the party in this Court; for by the 3rd section of 33rd chapter of the Revised
 
 *21
 
 Code, this Court is authorised “to render such -sentence, judgment and decree, as, on an inspection of the whole record, it shall appear to them, ought, in law,, to be rendered thereon.” It is manifest, that this cannot apply to the bill of exceptions, which, although it is made a part of the record, embraces, and is intended to embrace, only such alleged errors in the proceedings on the trial, as the appellant may think proper to assign and set forth therein.
 

 As we find no error, either in :the record proper, or the bill of exceptions, 'we must direct the j udgment to be affirmed.
 

 Pes Curiam, Judgment affirmed.