BOND *v.* STATE.

Opinion delivered July 1, 1892.

1. *Criminal practice—Variance.*

Where defendant was arrested upon an affidavit before a justice of the peace, charging him with selling intoxicating liquor without license, under sec. 4507 of Mansf. Dig., and convicted, under the same statute, of selling malt liquor without license, he cannot, on appeal for the first time, object to the variance.

2. *Sale of non-intoxicating malt liquor prohibited.*

The statute prohibits the sale of any compound or preparation containing malt or alcoholic liquor, which, though not intoxicating, is used and drunk as a beverage.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

*John S. Little* and *Humphry & Warner* for appellant.

The charge against appellant was unlawfully selling *intoxicating liquors*. The proof shows and the court found that Pale Malt Tonic *was not intoxicating*, and defendant should have been acquitted. Citing and reviewing Cooley, Const. Lim. p. 79; 21 N. Y. 177; Bish. St. Cr. sec. 985; 36 Ark. 258; 39 *id.* 450; 50 *id.* 18; 39 *id.* 204; 51 *id.* 165. The object of the law was to prevent the sale of *intoxicating* liquors, compounds and preparations, and not to prohibit non-intoxicating beverages.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellee.

Pale Malt Tonic is a *malt liquor*, the sale of which is prohibited by statute. Mansf. Dig. sec. 4507; 61 Vt. 505; 122 Pa. St. 299; 34 N. W. Rep. 188; 38 Ark. 656.

Hughes, J. Upon an affidavit filed before a justice of the peace, charging him with the offense of selling intoxicating liquor without license, the appellant was arrested and brought before the justice of the peace to answer said charge. He pleaded not guilty, and was fined two hundred dollars, and appealed to this court.

The testimony was that the defendant sold a preparation called Pale Malt Tonic. The court sitting as a jury found the facts to be "that Pale Malt Tonic is prepared to be sold for use and drink as a beverage, and as a substitute for heavier drinks like beer and whiskies; that, in color, taste, odor, froth and other particulars, it presents all the appearance of a weak beer; that it exhilarates and stimulates, but could probably not be taken and retained in the system in sufficient quantities to intoxicate." The court also found that it contained:

| | |
|---|---|
| Alcohol | .02 |
| Sugar | .0087 |
| Ash | .0017 |
| Other extractive matter | .0268 |
| Water | .9428 |
| Total | 100 |

Specific gravity, 1009.

To which finding of the court the defendant excepted.

The court declared the law to be that "the statute intended to and does prohibit the sale of any compound or preparation containing malt or alcohol intended for use as a beverage, without license first obtained;" to

which the defendant excepted. At the request of defendant, the court made the following finding :

"No. 5. The court fails to find from the evidence that Pale Malt Tonic is an intoxicating liquor."

The defendant asked the court to make the following findings, which were refused :

"No. 4. The court finds from the evidence that there is not sufficient alcohol or spirituous, ardent, vinous, malt or fermented liquor in Pale Malt Tonic to make a preparation or compound thereof, the sale of which is prohibited without license."

"No. 6. The court finds the facts to be that the Pale Malt Tonic alleged to have been sold by defendant is not either alcohol or spirituous, vinous, malt or fermented liquors or a preparation thereof."

"No. 7. That said preparation is not such an one as can be used as a beverage and a substitute for intoxicating liquors."

"No. 8. The court finds the facts to be that the Pale Malt Tonic, sold by defendant, is not such a preparation of either alcohol or spirituous, vinous, ardent, malt or fermented liquors, as can be used as a substitute of either, for the purposes of intoxication."

"No. 9. The court finds the facts to be that the defendant Bond, on the —— day of November, 1891, sold, in the Fort Smith District of Sebastian county, a certain beverage, known and described as Pale Malt Tonic, and that said defendant did not have license to sell alcohol or spirituous, ardent, vinous, malt or fermented liquors ; that the said Pale Malt Tonic will not produce the effect of intoxication or drunkenness."

To which refusal defendant excepted.

The court refused to declare the law as asked by defendant, as follows :

" No. 2. That the law means, by the words 'preparation or compound thereof,' that there must be a

sufficient quantity of alcohol or spirituous, ardent, vinous, malt or fermented liquor in said mixture as to make the preparation or compound have the effect or influence on the system, if taken in large quantities, as the alcohol or spirituous, ardent, vinous, malt or fermented · liquor would have, and that it does not mean that fifteen or twenty drops of alcohol or spirituous, ardent, vinous, malt or fermented liquors placed in a pint of another liquor would make said mixture a compound or preparation of alcohol or spirituous, ardent, vinous or fermented liquors; but if the mixture had a quantity of alcohol or spirituous, ardent, vinous, malt or fermented liquor sufficient to intoxicate a person who drank a quart or two at one time, or put him under its influence, then it would be a preparation or compound thereof, the sale of which without license is prohibited."

"No. 3. In testing the question of whether a mixture comes under the term 'a compound or preparation thereof,' the main, if not the sole, question is, what is the proportion of whiskey or ardent spirits to the other ingredients in the mixture? And its character is determined by that test: if there be any considerable amount— so much so that the effects as to intoxication are the same on a person taking what he can drink of said mixture—then it is a preparation thereof; if, on the other hand, a person cannot drink enough of the mixture to produce the effect, as to intoxication, of alcohol or spirituous, ardent, vinous, malt or fermented liquor, it is not a compound or preparation thereof, in the meaning of the law."

"No. 4. The court finds, from the evidence, that there is not sufficient alcohol or spirituous, ardent, vinous, malt or fermented liquor in Pale Malt Tonic to make it a preparation or compound thereof, the sale of which is prohibited by law."

The court found defendant guilty as charged, and assessed his fine at $200. Defendant saved exceptions.

Defendant moved a new trial upon the following grounds, to-wit :

1. The court erred in the finding of facts.

2. In declaring the law.

3. In rendering judgment.

4. In not finding facts as requested by defendant in the 6th, 7th, 8th and 9th respectively.

8. In not finding for defendant as requested No. 4.

9. The court erred in refusing to declare the law as requested by defendant in requests 2, 3 and 4, respectively.

12. Because the court erred in rendering judgment against the defendant after it failed to find that Pale Malt Tonic was an intoxicating liquor.

13. Judgment not supported by the evidence.

14. Judgment contrary to law.

Motion overruled, exceptions saved and appeal.

The statute is as follows :

1. Practice as to variance in misdemeanors.

Section 4507 (Mansfield's Dig.): "It shall not hereafter be lawful for any person to sell alcohol or any spirituous, ardent, vinous, malt or fermented liquors in this State, or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors, or intoxicating spirits of any character which are used and drank as a beverage in any quantity or for any purpose whatever, without first procuring a license from the county court of the county in which such sale is to be made authorizing such person to exercise such privilege."

The counsel for appellant contend that, as the charge was selling intoxicating liquors without license, no conviction can be sustained, unless the proof shows that the preparation sold was an intoxicating liquor.

It seems, from the evidence in the case and the declaration of law which the defendant asked the court

to make, that he was tried for and convicted of selling
Pale Malt Tonic, and that he made no objections what-
ever. In the examination the evidence was directed to
the sale of Pale Malt Tonic.

Its constituents, its use, color, taste, odor and effect
when used as a beverage were all shown to the court by
the evidence. The defendant was fully aware that the
offense sought to be proven against him was a violation
of the statute by a sale of a preparation known as Pale
Malt Tonic.

If, though arrested on a charge of selling intoxica-
ting liquors, he consented to be and was tried for a similar
offense, prohibited by the same statute, without objec-
tion upon his part (until he reached this court), he should
not be heard to urge the objection here. He was not
misled. He was not prejudiced.

At most there does not seem to be a remote proba-
bility that he could have been prejudiced. If he was, it
was within his power to have prevented any prejudice.
That he was tried for, and that the evidence in the case
was directed to, a violation of the statute, such as the
charge of the circuit judge embraces, was apparent to
the counsel for the appellant, as shown in the opening
sentences of his argument, where he states that, " the
record in this cause presents a single question for deter-
mination, which may be stated thus : ' Can a beverage,
though not intoxicating, be lawfully sold to be drunk ·
without first having obtained a license, under sec. 4507,
Mansfield's Digest.' " He then proceeds to argue that
the law intended to prohibit the sale of intoxicating
liquors.

No written information or pleadings are required in
criminal proceedings in a justice of the peace's court.
Sec. 2367, Mansf. Dig. The affidavit or information was
amendable. It is held in *Molen* v. *Orr*, 44 Ark. 486, that
a party alleging a variance between the pleadings and

the proof must show that he has been misled to his prejudice. "That where testimony variant from the allegations of the pleadings is admitted without objection, this court will presume that the parties deemed the variance immaterial or treated the complaint as amended to admit the evidence."

The defendant did not ask any declaration of law in the court below to cover the objection he raises here.

2. Sale of malt liquor without license forbidden.

We find no error in the declaration of law made by the court, and think the proof sufficient to sustain the verdict.

The judgment is affirmed.