(No. 1567, December 1, 1914)

STATE OF NEW MEXICO, Appellee, vs. LILLIE C. KLASNER, Appellant.

SYLLABUS BY THE COURT ON REHEARING.

1. On rehearing, it having been called to the attention of the court, that no motion was made for an instructed verdict on the ground of a variance between the indictment and proof, or such variance in any manner called to the attention of the trial court, the judgment of reversal is set aside, as, it is a well established rule of this court that the question of variance, between the allegations in the indictment and the proof, unless raised in the court below, cannot be reviewed here.

P. 482

2. Where the name of the owner of an alleged stolen animal is alleged in the indictment to be unknown, it is not incumbent upon the state to prove, in the first instance, affirmatively, that such fact was unknown to the grand jury; but it must show that such name is unknown, or prove such a state of facts or circumstances as render the alleged unknown fact uncertain, in which event such fact is presumed to have been unknown to the grand jury, but if there is evidence tending to show that the grand jury did know, or could, by the exercise of reasonable diligence have known, or ascertained the name of the true owner or that it was negligent or perverse in not alleging what was at its command to

know, then the burden is upon the state to show that the grand jury did not know such alleged unknown name.

P. 483.

3. Failure to formally arraign a defendant is not a fatal. objection, where such defendant was present in court and testified as a witness upon his trial, in his own behalf, and. was represented by counsel, and no objection is interposed to proceeding with the trial without such arraignment.

P. 484.

4. Where no exceptions are taken to instructions given by the court of its own motion, error cannot be assigned upon such instructions.

P. 486.

5. Declarations made by a defendant in his own favor, unless a part of the res gestae, or of a confession offered by the prosecution, are not admissible for the defense.

P. 487

6. No error is committed in sustaining an objection to a hypothetical question, propounded to a witness, where such question is not based upon facts as to which there is such evidence that a jury might reasonably find that they are established.

P. 489.

7. Where a motion for a new trial is based on the ground of newly discovered evidence, such motion must, in addition to the affidavit of the applicant, be supported by the affidavits of the new witnesses, which must set forth the newly discovered evidence and the facts to which such witnesses will testify; or a satisfactory excuse must be given for not. obtaining such affidavits.

P. 489.

Appeal from District Court, Lincoln County; Edward. L. Medler, Presiding Judge. Affirmed.

OPINION OF THE COURT ON REHEARING.

OVERRULING FORMER OPINION.

ROBERTS, C. J.—A rehearing was granted by the court in this case, upon motion therefor filed by the state, wherein it is shown that we overlooked the fact that the question, as to whether the owners of the animals in question were unknown to the grand jury, and that the grand jury, by reasonable investigation, could have ascertained such names, was never raised in the court below, and, therefore, such question was not properly before this court for consideration. Also that the question of variance between the allegations in the indictment and the proof was never raised or passed upon in the trial court, and, hence, was not reviewable here.

In the case of State vs. Padilla,, 18 N. M. 573, we said, in discussing a question of variance between the indictment and proof, where such variance was not called to the attention of the trial court:

"The record does not disclose that this question was raised during the trial of this case in the court below: and it is not, therefore, properly before this court for review and cannot be reviewed by this court as it is not a question which was directly passed upon by the trial judge at the time of the trial and no assignment of error by the trial judge can be made where he was not given an opportunity to and did not specifically pass upon the question raised. It was the duty of the defendant to raise this question before verdict either by a motion to dismiss on the grounds of a variance between the allegations of the indictment and the proofs offered at the trial or by a request for an instruction of not guilty."

The courts generally hold that the question of variance, unless raised in the court below, cannot be reviewed in an appellate court. Green vs. People, 55 N. E. 343; State vs. Boogher, 8 Mo. App., 600; Taylor vs. State, 29 N. E. 415; State vs. O'Connell, 46 S. W. 174; People vs. Cruger, 38 Hun. 500; State vs. Chamberlain, 30 Vt. 559; Hinds vs. State, 55 Ala, 145; Wood vs. State, 2 So. 247; State

vs. Ballard, 16 S. W., 525; State vs. Jenkins, 51 N. C. 19; Bond vs. State, 19 S. W. 1062.

And applying the doctrine announced by this court in the cases of State vs. Eaker, 17 N. M. 479; State vs. Lucero, 17 N. M. 484; and State vs. Analla, 18 N. M. 294, it is clear that the court should not have reviewed the question of variance or the sufficiency of the evidence, as such questions were not called to the attention of the trial court upon the trial, and the question of the sufficiency of the evidence to sustain the conviction is based solely upon the technical ground that the state failed to prove that the names of the owners of the alleged stolen animals were unknown to the grand jurors. Under Sec. 37, Chap. 57, S. L. 1907, appellant is precluded from urging here the questions attempted to be raised, because no ruling of the district court was invoked thereon, to which exception was taken.' It is true, in the case of State vs. Garcia, decided at the present term, 143 Pac. 1012, we held that the statute only applied to the parties and not to the court, and that this court had the inherent power to see that a man's fundamental rights were protected in every case, and we there refused to sustain a conviction where the record affirmatively showed that the defendant was not guilty, although the question was never raised in the trial court. We said, however,

"The restrictions of the statute apply to the parties, not to this court. This court, of course, will exercise this discretion very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims; nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict. If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here."

In this case, it appears that substantial justice has been done, and the objection urged is purely technical. This being so, this court will not consider the question urged, because of appellant's failure to call the question to the attention of the trial court, and invoke its ruling thereon.

This being true, the cause should not have been reversed on the grounds stated in our original opinion.

While the order of reversal must be set aside, on the grounds stated, it is perhaps proper to say, in order to avoid a misconstruction of our original opinion, that the attorney general argues that the rule laid down by the court to the effect that, where the name of the owner of an alleged stolen animal is alleged in the indictment to be unknown, there can be no conviction unless it is proved that the grand jury did not know his name and could not discover it by due diligence, is too broad, and places an unnecessary burden upon the state. That under such rule it will be necessary for the state, in all cases, to call the entire panel of the grand jury, and prove by each member thereof such fact so alleged. If the rule is susceptible of this construction it is concededly too broad. The true rule is, where the name of the owner of an alleged stolen animal is alleged in the indictment to be unknown, it is not incumbent upon the state to prove, in the first instance affirmatively that such fact was unknown to the grand jury; but it must show that such name is unknown or prove such a state of facts or circumstances as render the alleged unknown fact uncertain, in which event such fact is presumed to have been unknown to the grand jury; but if there is evidence tending to show that the grand jury did know, or could, by the exercise of reasonable diligence have known, or ascertained the name of the true owner or that it was negligent or perverse in not alleging what was at its command to know, then the burden is upon the state to show that the grand jury did not know such alleged unknown name. Carter vs. State, 172 Ind. 227, Sec. 549 Bishop's New Criminal Procedure, (2nd Ed.). In this case the proof affirmatively shows that the sheriff copied the brands upon the alleged stolen calves, and had this information at hand at the time he testified before the grand jury. Having the brand of an animal it is an easy matter in this state, to ascertain the name of the owner. A resort to the recorded brand will supply the information.

"If the name might be known to the grand jury, yet they will not learn it, their wilful ignorance, thus proced-

ing from no necessity, creates none." Bishop's New Criminal Procedure, (2nd Ed.) 549.

As the order of reversal on the grounds stated in our original opinion must be set aside, it is necessary for us to consider the grounds urged by appellant for a reversal, which were not considered in our former opinion, in view of our conclusion.

It is urged that appellant was not arraigned. The record in this regard shows the following: "Whereupon the defendant enters her plea of not guilty to the charge contained in the indictment herein, heretofore withdrawn for the purpose of filing demurrer." Later, upon application made by appellant, supported by several affidavits of parties who claimed to have been present in court and to have been cognizant of the fact that appellant had not been arraigned, the trial court, of its own motion, and on the personal recollection of the judge, amended the record so as to show a proper arraignment and plea. This appellant argues, he had no right to do, in view of the affidavits on file showing the contrary. Waiving this question, however, is the failure to arraign a defendant fatal, where he is present in court in person and by counsel, participates in the trial of the cause, goes on the witness stand, and proceeds, without objection, as though he had been arraigned?

Counsel for appellant relies upon the cases of Territory vs. Gonzales, 13 N. M. 97, and United States vs. Aurandt, 15 N. M. 292, which concededly lay down the rule that arraignment and plea are indispensable to a valid verdict and judgment of conviction. These cases, however, were decided while New Mexico was a territory, and its courts were required to conform to the views of the Supreme Court of the United States. In these cases the territorial court followed the rule announced by the United States Supreme Court in the case of Crain vs. U. S., 162 U. S. 625. This case was overruled by that court in the recent case of Garland vs. State of Washington, 232 U. S. 642. The court said.

"Technical objections of this character were undoubt-edly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require that the technical forms and methods of procedure should be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckman, speaking for the minority of the court in the Crain case, when he said:

'Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if the defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.'

Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the Crain case is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed it is necessarily overruled."

Many of the state courts have departed from the old practice which held that arraignment and plea were indispensable to a valid verdict and judgment of conviction. The cases will be found collected in a case note to State vs. Walton, 13 L. R. A., N. S. 811, an examination of which will show that Arkansas, Iowa, New York, Georgia, Nebraska, Washington and Montana no longer adhere to the old practice. We believe that the correct rule was announced by the Supreme Court of the United States in the Garland case, and hold that appellant can not raise, in this court, the question that she was not arraigned, where she proceeded with the trial as if she had been duly arraigned, and failed to object or in any manner call to the attention of the trial court the fact that she had not been arraigned.

It is next urged that the trial court erred in giving certain instructions to the jury, of its own motion. No exception was taken by appellant, however, to any of the instructions, hence, they are not reviewable here. State vs. Lucero, 17 N. M. 484; U. S. vs. Cook, 15 N. M. 124.

The calves in question were found enclosed in a small alfalfa pasture near appellant's residence. This pasture was surrounded by a post and wire fence, the wires being either five to seven in number, the bottom wire being eight to twelve inches from the ground and the second wire the same distance from the first, while the remaining wires were somewhat further apart. On the trial, counsel for appellant propounded to one of her witnesses, the following questions:

"Q. State whether Mrs. Klasner at or prior to this 24th day of August, 1909 (which was the date of the alleged larceny) ever said anything to you as to those calves that would get in that pasture."

"Q. I will ask you now to state whether or not you didn't have standing directions from Mrs. Klasner to turn the stock out of that pasture when you found the stock in the pasture. Whether or not your orders from her while you were in her employ up to the 24th day of August, 1909"?

Upon objection interposed by the State, the court refused to permit the witness to answer the questions, on

the ground that statements made by appellant to the witness, disconnected from the alleged crime, tending to show absence of criminal intent, would constitute self serving declarations. This action of the court counsel contend constituted error, but aside from the statement that the answers sought to be elicited had a direct bearing on the question of intent, no argument is advanced in support of the admissibility of the evidence. Appellant could testify as to her intent, and we can see no reason why she should have been permitted to prove statements made by her, before the commission of the alleged crime, in no way a part of the *res gestae,* for the purpose of establishing a fact to which she could testify. It is a familiar and well established rule, that declarations made by a defendant in her own favor, unless a part of the *res gestae,* or of a confession offered by the prosecution, are not admissible for the defense. Wharton's Criminal Evidence (10th Ed.) Sec. 690. If, while the calves in question in this case had been confined in the appellant's pasture, she had requested the witness to turn them out, such statement would have been admissible as a part of the *res gestae.* The witness had been in the appellant's employ for four or five years, and so far as the question disclosed, the orders referred to might have been given at any time during that period. While some authority can be found in support of the admissibility of such evidence (Wigmore on Evidence, Sec. 1732) the great weight of authority and reason is against the rule. To hold such evidence competent would permit designing criminals to manufacture a defense, in advance of the commission of a crime, by which they would be able to prove absence of criminal intent, by statements made to others of their purpose or object in doing the contemplated act, and by such statements, not made under oath, and upon which the searchlight of a cross examination would not be available, mislead the jury and escape just punishment. Defendants are permitted to testify, on the witness stand, as to their motive or intent, and no reason exists for permitting third parties to testify to declarations of intent made by a defendant, not against interest, and which form no part of the *res gestae* or of

a confession given in evidence by the State. In the case of State vs. Dean, 51 S. E. 524, a defendant, charged with murder, sought to prove certain statements which he had made some hours before the murder as to his purpose in going to a certain place, for the purpose of showing absence of evil intent. The court said:

"In the case of State vs. Adams, 68 S. C. 421, 47 S. E. 676, it is said: 'The rule is that a defendant cannot introduce in his defense his own statements made to others.' The rule is thus stated in 9 Enc. of Law (1st Ed.) 692: 'Declarations and statements made by defendant before the homicide regarding matters connected therewith are not admissible in his defense unless they form a part of the *res gestae,* but where they tend to show motive for committing the homicide, or malice in its commission, they may be proved by the prosecution.' The declarations were not a part of the *res gestae.*"

In the case of Commonwealth vs. Kent, 6 Metcalf 221, the Supreme Court of Massachusetts held, that, on the trial of a party indicted for knowingly having in his possession an instrument adapted and designed for coining or making counterfeit money, that it was not competent for him to give in evidence his declarations to an artificer at the time he employed him to make such instrument, as to the purpose for which he wished it to be made.

See also Birdson vs. State, 47 Ala. 68; State vs. Van Zant, 71 Md. 541; Newcomb vs. State, 37 Miss 383; People vs. Wyman, 15 Cal. 70.

For the reason stated, the court committed no error in excluding the offered evidence.

The next assignment of error questions the action of the court in sustaining the objection of the state to the following questions, propounded to a witness for defendant:

"Q. Now I will ask you this question. Take a calf from five to seven months old; state whether a calf of that age is capable of going through a wire fence where the strands of wire range from eight to twelve inches apart; say the bottom wire from the ground ranges from eight to twelve

inches and the next wire ranges from eight to twelve inches."

This question was followed by:

"State whether a calf of the description mentioned could go through wires of that kind from the experience which you have had as a stock man covering the period you have mentioned."

This witness had qualified as an expert, and appellant sought to show that calves, such as those in question, could have gone through the fence which surrounded the **6** pasture in which the calves were found. The trouble with the questions, however, is, that the fence surrounding the pasture was not described to the witness. This fence was shown by all the witnesses to have had, at the time in question, from five to seven strands of wire, while the question stated called for the opinion of the witness, as to whether calves could go through a fence of two wires, which might have been but 16 inches high.

"Hypothetical questions must be based upon facts as to which there is such evidence that a jury might reasonably find that they are established." 17 Cyc. 247.

Lastly it is claimed that the court erred in not granting a new trial on the ground of newly discovered evidence. This ground of the motion is supported by the affidavit of appellant alone, in which she states that Pablo Verial and Jiesto Chaves were repairing a fence on her lands the latter part of August, 1909, and that they saw calves going through the fence in question; that such witnesses resided at Picacho, in said Lincoln County, and that she used due diligence in finding all the facts serviceable to her in her defense. Waiving the question of diligence shown, this ground of the motion for a new trial was properly overruled by the trial court, because of appellant's failure to support her application by the affidavits of the witnesses, as to what they would testify to, or to offer any excuse whatever for the absence of such affidavits. It is a familiar and well established rule that, "in addition to the **7** affidavit of the applicant, the newly discovered evidence must be established by affidavits of the new witnesses, seting forth the facts to which they will testify, or a satisfac-

tory excuse must be given for not obtaining such affidav-
its." 14 Ency. Pl. & Pr. 825. Territory vs. Claypool, et al.,
11 N. M., 568.

Finding no available error in the record the judgment
of the lower court will be affirmed, and, IT IS SO
ORDERED.