## LACEY *v.* STATE.

### Opinion delivered September 30, 1918.

1.   INTOXICATING LIQUORS—BRINGING INTO STATE.—Under Act 13, § 1 Acts of 1917, making it unlawful to transport into this State any alcoholic, vinous, malt, spirituous or fermented liquors, etc., for another person, a person is not prohibited from transporting liquor into this State or from one point to another in the State for his own use, whether that use be lawful or unlawful.

2. SAME—BRINGING INTO STATE—SUFFICIENCY OF EVIDENCE.—Proof that defendant was arrested while transporting 71 pints of whiskey is not sufficient to sustain a conviction under Acts 1917, c. 13, § 1, making it unlawful to transport alcoholic liquors for another person, there being no evidence that he was transporting the liquor for some other person.

Appeal from Craighead Circuit Court, Lake City District; *W. J. Driver*, Judge; reversed.

*Hawthorne & Hawthorne*, for appellant.

1. The indictment does not charge a crime under the ''Bone Dry'' Act. 47 Ark. 488.

2. The court erred in the instructions, and the evidence fails to show any violation of law. Mere suspicion is not proof. There was no proof that appellant was transporting liquor for another. 202 S. W. 39; 16 Ark. 499; 13 *Id*. 712; 80 *Id*. 94; 68 *Id*. 529; 85 *Id*. 360; 100 *Id*. 184.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

This indictment is good under the statute, and there is no error in the instructions. 202 S. W. 39.

HART, J. Joe Lacey prosecutes this appeal to reverse a judgment of conviction against him for the crime of unlawfully transporting intoxicating liquors along the highway in Craighead County, Arkansas.

The facts are undisputed, and are as follows:

Joe Lacey lived at Truman in Poinsett County, Arkansas. He left Truman in an automobile one night about ten o'clock. On the next night at about half past ten o'clock, he was arrested on the highway in Craighead County, between the towns of Lunsford and Truman. He and his wife were in the automobile at the time, and he had in his possession, under the back seat, seventy-one pints of whiskey. The automobile in which the defendant had the liquor was being pulled out of some holes in the road by a horse just before the defendant was arrested. He was traveling along the road towards Truman, and no one was in the automobile except the de-

fendant and his wife. The machine belonged to the defendant and his brother.

A deputy sheriff testified that he had never known the defendant to drink whiskey and that the defendant had told him at different times that he never drank. He stated further that he saw the defendant drunk one time the year before, but that he was drunk on Jamaica ginger.

The principal contention of the defendant is that, under the evidence that is disclosed by the record, the jury was not warranted in finding him guilty. The defendant was indicted under an act to prohibit the shipment of intoxicating liquors into this State and to prevent shipments of the same from one point in the State to another point in the State. Acts of 1917, p. 41. Among other things sections 8 of the act provides that it shall be unlawful for any person to convey or transport over or along any public street or highway any of the liquors referred to in section 1 of the act for another.

In construing section 1 of this act, in *Rivard* v. *State,* 133 Ark. 1, 202 S. W. 39, we held that the act applies to persons who carry for others only, and not to the personal transportation of an individual's own intoxicating liquor into the State from another State. This construction was followed in the case of *Winfrey* v. *State,* 133 Ark. 357. It will be noted that section 8 is directed against any one conveying or transporting along any public street or highway any of the liquors referred to in section 1 for another. The language of the act does not prohibit a person from transporting liquor into this State, or from one point to another in the State for his own use, whether that use be lawful or unlawful. It devolved upon the State to prove the guilt of the defendant. Of course, guilt may be proved by direct evidence, or by the proof of facts from which the inference of guilt may be legitimately drawn by the jury. To warrant the jury in finding the defendant guilty under the statute in question, the State must prove that he brought the liquor into the State for another, or transported it from one point to another in the State for another person. From the

quantity of liquor found in the defendant's automobile and the circumstances under which it was found, the jury might have legitimately inferred that the defendant was not transporting the liquor to his home to be there drunk by himself or used by his family; but whether the defendant was transporting the liquor for himself with the intention of selling it to other persons, or was transporting the liquor for another person is uncertain and wholly a matter of conjecture.

Under the evidence as disclosed by the record, it could only be a matter of mental speculation as to which of these purposes the defendant was transporting the liquor and conjecture can not be allowed to supply the place of the proof required to show the guilt of the defendant. It is not enough to show that one conjecture is as probable as another. The State must prove facts or circumstances from which the jury must find that the defendant was transporting the liquor for another.

From the evidence as disclosed by this record the jury might have equally inferred that the defendant brought the liquor in for his own use intending to sell it again, as that he was transporting it for some other person. One theory was as probable as the other, and the jury was left to guess at the true theory. This could not be done. The burden was upon the State to show that the defendant was transporting the liquor for another person. If he was transporting it for himself with the intention of selling it again to other persons, he was not guilty under the statute in question. There are other statutes directed against the sale or keeping for sale intoxicating liquors. *Andrews* v. *State,* 100 Ark. 184; *Jones* v. *State,* 85 Ark. 360, and *France* v. *State,* 68 Ark. 529.

The distinction we have pointed out is recognized in negligence cases. Where an employee is injured while at work for his employer, there is no presumption of negligence on the part of the employer, but it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. It is not sufficient

in such cases for the employee to show that the employer may have been guilty of negligence, but the evidence must point to the fact that he was. Where the testimony leaves the matter uncertain and shows that two or more things may have brought about the injury, for one or more of which the employer is responsible and for one or more for which he is not, it is not for the jury to guess between these two or more causes and find that the negligence of the employer was the real cause when there is no satisfactory foundation in the testimony for that conclusion.

It follows that the judgment must be reversed and the cause will be remanded for a new trial.

SMITH, J., (dissenting). In addition to the facts recited in the majority opinion, there was testimony to the effect that appellant left Truman Monday night in his car, at about 10:00 p. m., and was arrested on Tuesday night following, at about 11:00 p. m. The constable had observed the departure of the car, and had a lookout kept for it, and searched the car on the return trip, with the result stated in the majority opinion. It was also shown that appellant and his brother were engaged in making trips to Truman in their car, although there was no testimony that any one had hired the car to make a trip when the liquor was found.

There is nothing conjectural about the whiskey being in the car, nor that appellant was transporting it, until the car stuck in the mud.

We think the jury had the right to find from the testimony that appellant was not transporting the liquor for his own use. He did not drink; therefore, he did not need seventy-one pints of whiskey for his own use. And, was it mere speculation or conjecture for the jury to find that, if the appellant had been transporting the liquor for his own use, he would not have had it put up in seventy-one packages? We think not. The inference that the liquor had been put into pint bottles to be

sold, and thus delivered, is so highly probable that a finding to that effect comports with the conclusion any one would likely reach who did not exclude from his consideration the common knowledge of all men on this subject.

Now, who was going to sell this liquor? The only uncertainty in the case would appear to arise out of the answer to this question. Appellant's departure after night, and his return the next day after the night had fallen, are circumstances which indicate a purpose to clandestinely unload his cargo. It was a felony to sell the liquor, while it was only a misdemeanor to deliver it to another. We must, of course, presume, as the jury was directed to do, that the appellant was innocent until his guilt was established beyond a reasonable doubt. But does this presumption require us to presume that appellant was about to commit a felony, or, possibly, seventy-one felonies? Was it not more reasonable and plausible for the jury to find as it must have done that appellant was not about to commit one or more felonies but was only committing a misdemeanor by transporting the liquor for delivery to another? At any rate, must we say to the contrary, as a matter of law? We think not, and, therefore, we dissent.

Mr. Justice HUMPHREYS concurs in the views here expressed.