EDWARDS *v.* STATE.

Opinion delivered June 2, 1919.

1.  INTOXICATING LIQUORS — TRANSPORTATION FOR ANOTHER.—Under Acts 1917, p. 41, § 8, making it unlawful "to convey or transport over or along any public street or highway any of said liquors, bitters or drinks for another," but not making it unlawful to transport for one's self, one who hires another to transport liquor for him is not guilty of aiding and assisting those unlawfully transporting it for him.

2.  SAME—CRIMINAL STATUTE—STRICT CONSTRUCTION.—Acts 1917, p. 41, § 8, prohibiting the transportation of intoxicating liquor for

another, is a criminal statute, and must be strictly construed, and all persons must be excluded from its operation who are not expressly included within its provisions.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed and dismissed.

*Arthur Cobb,* for appellant.

The court erred in refusing to instruct the jury to find defendant Edwards not guilty; but also erred in its instructions to the jury, as no crime was proven under the law. 133 Ark. 1; 135 *Id.* 470.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

Confess error under the rulings of this court. 202 S. W. 39; 205 *Id.* 814; 206 *Id.* 51; 129 Ark. 106.

Perhaps defendant was guilty of selling liquor, but he was not on trial for that crime.

SMITH, J. Appellant was convicted of the offense of transporting intoxicating liquors, and has prosecuted this appeal. There was testimony to the effect that he had employed Bill Carmoody and H. Harper to transport and to deliver the liquors to him over the public highways of Garland County, and that pursuant to this employment Carmoody and Harper were transporting intoxicating liquors over the highways of that county for delivery to appellant when Carmoody and Harper were arrested by the sheriff of that county and the liquors intercepted and the delivery prevented.

Over appellant's objection the court gave the following instruction:

"2. In order that you may fully understand the principle involved, I will state to you that every person who aids and assists another in the commission of a misdemeanor, is deemed in law to be guilty of an offense himself, and while the law of this State permits a person to carry whiskey over the streets and highways for himself, it is unlawful for any person to carry it over the streets and highways for another, and if Carmoody

or Jerome or the negro, Harper, carried it for Edwards, and he employed them, or aided, abetted, assisted or advised them in the commission of that offense he would be guilty, the same as they would, and it would be no defense in this case that the whiskey belonged to Edwards, and that he did not himself transport it for another.''

The court refused to give, at appellant's request, the following instruction:

''Before you would be justified in finding the defendant guilty you must believe from the evidence beyond a reasonable doubt that he transported whiskey over the public highways of Garland County or streets of the City of Hot Springs for another.''

These instructions indicate the theory upon which the case was tried and the point to be decided. The conviction was had under section 8 of Act No. 13 of the Acts of 1917, page 41, commonly designated as the Bone Dry Law, the material portion of which reads as follows:

''That it shall be unlawful for any person, * * * to accept from another for shipment, transportation or delivery, or to ship, transport or deliver for another any of the liquors, bitters and drinks referred to in section 1 of this act, or any of them, when received at any point, place or locality in this State, to be shipped or transported to, or delivered to another person, * * * at any other point, place or locality in this State, or to convey or transport over or along any public street or highway any of said liquors, bitters or drinks *for another.''*

This court decided in the case of *Rivard* v. *State,* 133 Ark. 1, that it was not a violation of the provisions of the act cited above to transport intoxicating liquors into this State, provided the transportation was not made for another, even though it was brought into this State for the purpose of sale. And in the case of *Lacey* v. *State,* 135 Ark. 470, it was held that it was not a violation of the law to transport intoxicating liquors over the highways of this State if the transportation was not made for another, even though the liquor was intended

for illegal sale. In other words, the court has construed the act in question to mean that it is made unlawful for one to transport liquor for another but not when he does so for himself.

It is true, as stated in the instruction given by the court set out above, that every person who aids and assists another in the commission of a misdemeanor is deemed in law to be guilty of an offense himself. But as it was not unlawful for appellant to transport the liquor for himself he did not violate the law when he induced Carmoody and Harper to transport it for him. Carmoody and Harper violated the law; but appellant did not. This is true because the act made unlawful so far as it is applicable to the facts of this case is "to convey or transport over or along any public street or highway any of said liquors, bitters or drinks *for another.*"

We have held that the purchaser of liquor illegally sold is not an accomplice of the seller (*Springer* v. *State,* 129 Ark. 106), although when one buys, another sells, and there can be no seller without a purchaser. We so held because the act made unlawful was selling liquor and not buying it. So here the act made unlawful is transporting liquor *for another,* and as appellant did not cause liquor to be transported for another he is not guilty under the law. This being a criminal statute it must, of course, be strictly construed and all persons must be excluded from its operations who are not expressly included within its provisions.

The Attorney General has confessed error upon the ground stated, and the confession of error will be sustained and the judgment reversed and the cause dismissed.