## WHITLEY *v.* STATE.

Opinion delivered November 10, 1919.

1. CRIMINAL LAW — INFORMATION — OBJECTIONS TO, MADE WHEN.— Where an information might have been amended. to conform to the proof, and at the trial below no objections were raised to its form or substance, and no objection made to testimony offered on the ground of variance, it is too late, on appeal, to raise the objection that the information charged separate offenses.

2.  LIQUOR—TRANSPORTATION OF IN THE STATE FOR ANY PURPOSE.—
    Under the act of February 17, 1919, page 75, it is unlawful to
    transport intoxicating liquors into this State from another State,
    or from one place to another in this State, for any purpose what-
    ever except as specified in section 17 of the act, which relates to
    the use of wine for sacramental purposes, and the use of alcohol
    for medicinal, industrial or scientific purposes.

3.  LIQUOR—ILLEGAL TRANSPORTATION.—The evidence held sufficient
    to warrant a conviction for transporting liquor illegally, under
    Act of 1919, page 75.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; affirmed.

*Brundidge & Neelly,* for appellant.

1. The use of the two prepositions, "into" and
"in," in the information constitutes a mere redundancy
and merely charges the transporting of liquor into this
State from another State, and the court erred in
its oral instruction to the jury, as defendant was
not charged with transporting liquor from one place
in this State to another place in this State, and
even if it had, the instruction was error, for it was
not shown by the evidence that the whiskey was for
another person and no one testified when or where
the whiskey was put on the train, if it was put on by the
defendant. 213 S. W. Rep. 11; Bone Dry Act No. 87, as
amended, § § 1 and 8, etc.; 195 S. W. 376; 129 Ark. 106.

2. The verdict is not supported by any evidence, for
there is none that defendant ever transported any liquor
or put any liquor in the locker of the caboose, and the per-
emptory instruction asked by defendant should have
been given. Bone Dry Act, § 8.

*John D. Arbuckle,* Attorney General, and *Robert C.
Knox,* Assistant, for appellee.

1. The information does not charge two offenses
and was sufficient after verdict, as defendant did not
raise the question and it was waived. 77 Ark. 426; 84
*Id.* 136.

2. Defendant was tried for transporting liquor from one place in this State to another in this State, and the evidence shows at least that he transported it from Kensett to Beebe, both in this State. Act 87, Acts 1919, § § 1-8, as amended; 213 S. W. 11; 135 Ark. 470.

3. The evidence supports the verdict and the instructions were correct. 56 Ark. 420-425, and *supra*.

McCULLOCH, C. J. The appellant, Albert Whitley, was arrested and convicted under an information filed by the prosecuting attorney charging him with violation of the act of January 24, 1917 (Acts of 1917, p. 41), as amended by act of February 17, 1919 (Acts of 1919, p. 75), prohibiting the transportation of intoxicating liquor. The information was filed before a justice of the peace of White County, through which county the liquor is charged to have been transported, and the trial before the justice of the peace resulted in the conviction of appellant, and an appeal was duly prosecuted to the circuit court of White County.

(1) The language of the charge contained in the information filed by the prosecuting attorney is that appellant transported whiskey "into and in the State and county," but the case was submitted to the jury in the trial in the circuit court on the issue of transportation of liquor from one place to another in this State. The contention now is that the use of the two prepositions in the language referred to above constituted a mere redundancy and that the adoption of either of the words made the charge of transporting whiskey into this State from another State. We do not agree with counsel in this interpretation of the language, for if the preposition "in" had been used without the use of the other, it would have clearly constituted a charge of transporting liquor in the State—a somewhat imperfect charge, but sufficient to sustain a conviction if no objection should be made in the trial. The information could have been amended or treated as amended to conform to the proof. *Bond* v. *State*, 56 Ark. 444. No objections were raised in the trial

below to the form or substance of the information, and no objection was made to the testimony on the ground of variance, and it is too late to raise the objection here for the first time that the information charged separate offenses.

Section 1 of the act of January 24, 1917, *supra,* as interpreted by this court, made it unlawful for any person or corporation to transport any liquor into this State for the purpose of delivery to another person or corpora-tion. *Rivard* v. *State,* 133 Ark. 1; *Winfrey* v. *State,* 133 Ark. 357. Section 8 of the same statute made it unlawful "to convey or transport over or along any public street or highway any of said liquors, bitters or drinks for another," and this court construed the statute to mean that the transportation must be for another, and not for the use of the carrier himself, in order to constitute a violation. *Lacey* v. *State,* 135 Ark. 470; *Edwards* v. *State,* 139 Ark. 97.

Section 1 of the act of February 17, 1919, amended Section 1 of the former statute so as to read as follows:

"That it shall be unlawful for any person, firm, corporation or association in any manner to transport into this State or from one place to another place in this State, or for any railroad company, or express company or other common carrier, or any officer, agent or employee of any of them, or any other person, to ship or to transport into, or to deliver in this State in any manner or by any means whatsoever, any alcoholic, vinous, malt, spirituous or fermented liquors or any compound or preparation thereof commonly called tonics, bitters, or medicated liquors, except as provided in section seventeen (17)."

(2) It is seen from a consideration of the language of this amendment that it works a radical change in the law as declared by this court in the decisions referred to above, not only with respect to transportation of intoxicating liquor into the State, but also with respect to transportation from "one place to another place in this State." To this extent the section amends section 8 of

the former statute by necessary implication, and under the law as it now stands it is unlawful to transport intoxicating liquors into this State from another State, or from one place to another in this State, for any purpose whatever, except as specified in section 17 of the statute, which relates to the use of wine for sacramental purposes and the use of alcohol for medicinal, industrial or scientific purposes.

(3)  It is earnestly argued that the testimony is not sufficient to sustain the charge.  There is abundant testimony that whiskey was transported in the caboose of a local freight train on which appellant was a passenger. The train ran from Newport to Argenta, and appellant boarded the train at Russell, a station in White County south of Newport.  The sheriff received information that whiskey was being transported on the train and he met the train and boarded it at Kensett, but made no search there for the liquor.  The sheriff testified that he saw appellant at the depot at Kensett while the train was there. The sheriff went to Beebe, another station, and met the train there and boarded the caboose and found two suitcases filled with bottles of whiskey.

When the sheriff went into the car appellant was there but left immediately, and when the search was made the whiskey was found locked up in the locker of the caboose.  The sheriff applied to the trainmen for a key and opened the locker and found whiskey there.  Appellant, after leaving the train, started through the woods followed by two of the deputy sheriffs.  After going through the woods about three-quarters of a mile he came back to the railroad, and as the train came along he gave the engineer a signal to slow down, but the sheriff was in the cab of the engine and required the engineer to stop the train.  Appellant was then arrested, and when he was put under arrest by the officer he reached his hand in one of his pockets and drew out a key and dropped it on the ground.  The sheriff picked up the key and went back to the caboose and found that it fitted one of the suit cases.  The testimony

is abundant, as before stated, to establish the fact that the whiskey was being unlawfully transported and the circumstances warranted the finding that appellant was the one who was transporting the whiskey, though there was no direct testimony to show who put the whiskey into the locker of the caboose. Some of the trainmen testified, but disclaimed any knowledge of the presence of the whiskey there. Appellant was a passenger on the caboose, but fled as soon as the sheriff boarded the caboose at Beebe for the purpose of making a search. He ran through the woods followed by the deputy sheriffs and came back to the train at a point on the track between stations, and when arrested he surreptitiously took the key out of his pocket which fitted the lock on one of the suit cases.

We think the evidence as a whole was sufficient to sustain the conviction, and the judgment is, therefore, affirmed.