**BAYLESS v. UNITED STATES.**

No. 13467.

United States Court of Appeals
Ninth Circuit.

Nov. 25, 1952.

Rehearing Denied Jan. 9, 1953.

John Richard Bayless, in pro. per.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, and James K. Mitsumori, Assts. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and ORR, Circuit Judges, and McCORMICK, District Judge.

STEPHENS, Circuit Judge.

A man walked into a Los Angeles bank which was insured by the Federal Deposit

Insurance Corporation, exhibited a blue steel revolver and an ordinary leather brief case with adhesive tape placed where the owner's initials are usually stamped. The bank manager, while under cover of the revolver and under the command and threat of the man, took the brief case to the several tellers who dumped money into it. The man then took the brief case, entered a maroon Buick sedan with a 1952 Louisiana license plate numbered 91–209, and fled. A few hours later the car, with doors locked, was located by police officers. They forced an entrance and discovered therein, among other things, a sawed-off loaded shotgun, extra shells, some .38 caliber revolver shells, a bank book bearing the name "John R. Bayless", and various articles of clothing.

The automobile had been purchased in the name of John R. Bayless at Wichita, Kansas, with part payment by bank check signed "John R. Bayless". The Louisiana rear license plate bore Bayless' finger prints.

Early next morning Bayless was arrested in New York as he was leaving a Los Angeles-to-New York plane. He was carrying a brief case similar in appearance to the one the bank robber carried in the bank and it contained money or currency in excess of $19,000, in the sum taken from the tellers. The paper money serial numbers checked with the bank's records, including one $5.00 Canadian bill. The brief case was initialed "J. R. B." Bayless was carrying a loaded .38 caliber revolver and extra loads. There was evidence identifying Bayless as a man registered at a hotel in the vicinity of the robbed bank at the time in suit, under the name of J. R. Bennett, and that he drove a maroon or red colored car.

Five of the bank tellers positively identified Bayless in the courtroom as the bank robber, and two other bank employees identified the automobile and took its license number. Three customers in the bank also identified Bayless as the robber and testified that he fled in a maroon colored Buick car. Another man testified he saw Bayless enter the automobile. A person on the sidewalk just outside the robbed

bank identified Bayless and testified the automobile bore a Louisiana license plate. There was other corroborating evidence.

Bayless was indicted and convicted by a jury, of robbing a bank which was insured by the Federal Deposit Insurance Corporation (Count One, Title 18 U.S.C. § 2113(a) ); of putting the life of a man in jeopardy by the use of a revolver (Count Two, Title 18 U.S.C. Sec. 2113(d) ); and of transporting stolen money in interstate commerce (Count Three, Title 18 U.S.C. Sec. 2314).

Bayless was sentenced and appeals on several points.

■ Appellant claims prejudice because the revolver mentioned in Count Two and described as a Smith and Wesson, was not proved to be of that make. Neither of the cases he cites, Hunt v. State, 55 Ala. 138, and State v. Jenkins, 51 N.C. 19, is in point. His argument is without merit on this point.

■ A sawed-off, loaded shotgun with extra shells and the bank book bearing appellant's name, both of which were found in the automobile as hereinbefore stated, were introduced into evidence. The shotgun was not used by the robber in the robbery and there was no further proof as to the bank book. Appellant claims prejudice. Everything in the automobile was properly put into evidence in the case. See People v. Mar Gin Suie, 1909, 11 Cal. App. 42, 103 P. 951; Pedersen v. United States, 2 Cir., 1921, 271 F. 187; United States v. Dalhover, 7 Cir., 1938, 96 F.2d 355 at 359. The point is without merit.

■■ It appears that shortly before the initial call of the case appellant was brought into the courtroom handcuffed and chained, but his person was freed from any instrument of restraint immediately upon entering the courtroom. Prospective jurors were in the room. Appellant claims this circumstance was highly prejudicial to a fair trial. The court asked the prospective jurors the following question: "You have heard the defendant's statement here this morning that he was handcuffed or chained as he was brought into the courtroom. If any of you saw that, would

that have any influence upon you in judging the weight to be given his case in this court?" To which each prospective juror answered "No". The court, in instructing the jury, made it plain that appellant was presumed innocent until proved guilty by evidence. The handcuffs and chain should have been removed before appellant was taken into the courtroom but it was clear that these articles of physical restraint were used only in transporting appellant to the place of trial. There were numerous recesses and adjournments in course of the trial. There was no repetition of the incident. No showing of any prejudice is made except that appellant claims the original impression could not be removed. The modern juror is not a simpleton. He could well understand that prisoners, though entitled to the presumption of innocence, might try to escape. It is a fact and common knowledge that there are desperate characters who would stop at nothing to free themselves from the law's restraint and great caution must be used by the restraining officers. It would be a very serious indictment against the great jury system to presume that the one circumstance complained of would in any likelihood so impress a juror's mind that he would place it above the evidence in the case. The circumstances might be argued as serious in a weak case but in a case where the guilt is demonstrated as in this case, it deserves little or no consideration. The general subject was treated in McDonald v. United States, 8 Cir., 1937, 89 F.2d 128, with numerous citations. We hold that the court did not err in denying appellant's motion to dismiss the venire.

■ Another point is that appellant was not allowed to cross examine a witness as to whether the Federal Deposit Insurance Corporation is a private or public corporation. The witness was an officer of the robbed bank who was in charge of the certificate issued to the bank which brought it within the government insurance provisions. The court held the status of the corporation to be one of law. The point is frivolous.

Finally appellant claims government counsel made untruthful and unproven statements in his argument to the jury. We have read the argument and hold the point to be frivolous.

■ Appellant conducted his own case, though he accepted court-appointed counsel under the limitation that counsel should advise only. The appeal brief by appellant is *in propria persona*. As usual in that circumstance, rules have not been followed, but we have overlooked all deficiencies and have carefully gone over the entire record. Appellant had a fair trial and he was proven guilty of the charges laid against him beyond any doubt whatever. We find no reversible error.

Affirmed.