UNITED STATES of America,
Plaintiff-Appellee,

v.

James KRESS, Defendant-Appellant.

No. 71–2427.

United States Court of Appeals,
Ninth Circuit.

Nov. 10, 1971.

Rehearing Denied Nov. 18, and
Dec. 20, 1971.

Archie M. Dicksion, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction of armed bank robbery. Appellant urges four errors—(1) the lack of a speeedy trial, (2) the lack of jurisdiction in the government to file a second indictment (similar to the first), (3) prejudicial error because the defendant appeared before the jury with handcuffs on, and (4) the insufficiency of the evidence. None of the alleged errors entitled appellant to have his conviction by a jury reversed, and we affirm:

■ We shortly state the reasons: the delay in the trial was largely due to appellant's absence from the Central District of California, due to his trial and conviction in New Jersey for bank robbery; his trial and conviction in Northern California for bank robbery there; and his procedural delays with respect to motions; and among other things, his escape from custody for over two months.

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstanc-

es." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905).

Appellant urges he was prejudiced by delays in this trial because three alibi witnesses to his alleged attendance at a birthday party in Philadelphia had either been killed or rendered mentally incompetent. But five witnesses for the appellant testified on his behalf as to the alleged alibi—hence the missing witnesses' testimony could have only been cumulative, at best. This fact, as well as others, renders the appellant's reliance on Dickey v. Florida, 398 U.S. 30, 37–38, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) completely inapposite.

■ Appellant's second point is likewise completely without merit. Rule 48(a) Fed.R.Crim.Proc. specifically authorizes such dismissal.

■ Appellant's third point is likewise without merit. A twice convicted bank robber who had already once escaped custody may be tried at his third trial with sufficient precautions to prevent a second escape. This is a matter of discretion within the province of the trial judge. "For this court to question the discretion of the trial court, the record needs to show something more than the mere fact defendant was handcuffed in the presence of the jury." McDonald v. United States, 89 F.2d 128 (8th Cir. 1937); Gregory v. United States, 365 F.2d 203 (8th Cir. 1966).

> "[T]he modern juror * * * could well understand that prisoners, though entitled to the presumption of innocence, might try to escape."

Bayless v. United States, 200 F.2d 113 (9th Cir. 1952).

■ Appellant's claim of the insufficiency of the evidence is so unsubstantial as to cause us to wonder why it was raised. Five eyewitnesses positively identified appellant in the courtroom as one of the robbers. Against this evidence, the story of defendant, and others convicted of bank robberies who testified on his behalf, obviously carried little conviction to the jury.

The conviction is affirmed.