33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Paul CLARK, Plaintiff-Appellant,
v.
Craig KLEY; John McSwain; Whatcom County, Defendants-Appellees.
 No. 93-35593.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge; HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Ronald Paul Clark appeals from the jury verdict in his 42 U.S.C. Sec. 1983 suit against prison officials. We affirm.
 
 I.
 
 3
 On October 13, 1985, Clark was incarcerated in the Whatcom County jail in Bellingham, Washington. Defendant Kraig Clay, a guard, shackled Clark in order to take him to the visiting area. Clark resisted the move. Clay and defendant John McSwain, another guard, took Clark's arms and began to move him. Clark fell and suffered a head injury. He was taken to a hospital emergency room, where he was treated, released, and returned to jail.
 
 
 4
 On October 16, 1987, Clark filed a pro se complaint against Clay under 42 U.S.C. Sec. 1983, alleging that Clay violated his civil rights by "slamming/slashing [his] body & head into the [c]oncrete [f]loor." The trial court appointed counsel to represent Clark. Clark then amended his complaint to add McSwain and Whatcom County as defendants and to add a claim of negligence under Washington state law. All parties consented to a jury trial with a magistrate judge presiding. The jury found in favor of defendants on Clark's section 1983 claim but found in Clark's favor on his state tort claim. The jury assessed Clark's damages at $300, found that Clark was eighty-eight percent at fault for his injury, and awarded Clark thirty-six dollars in damages. Clark appeals.
 
 II.
 A. Jurisdiction
 
 5
 Clark contends the trial court lacked jurisdiction because he did not consent to the use of a magistrate judge. Although Clark initially objected, he and the defendants ultimately consented to trial before a magistrate judge. "Once a civil case is referred to a magistrate judge ..., the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' " Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir.1993) (quoting 28 U.S.C. Sec. 636(c)(6); Fed.R.Civ.P. 73(b)). There is no evidence that Clark even attempted to withdraw his consent, much less that he made the requisite showing of extraordinary circumstances.
 
 B. Trial Court's Use of Shackles
 
 6
 Clark, who was a Washington state prisoner at the time of trial, contends he was prejudiced by the trial court's decision to have him shackled throughout the trial. Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f [an] appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2) (emphasis added). "When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument." Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989).
 
 
 7
 Clark has not provided this court with a transcript of the hearing at which the trial court decided to have him shackled. The record provided does not show what evidence or argument either side presented, or even that Clark objected to the shackles.[1] "For this court to question the discretion of the trial court, the record needs to show something more than the mere fact [an appellant] was handcuffed in the presence of the jury." United States v. Kress, 451 F.2d 576, 577 (9th Cir.1971), cert. denied, 406 U.S. 923 (1972). Without a transcript, we cannot evaluate the trial court's decision. Therefore, we refuse to consider Clark's argument.
 
 C. Challenged Jury Instructions
 
 8
 Clark next challenges the district court's formulation of certain jury instructions.[2] The language Clark finds offensive comes from the instructions he himself proffered. Error, if any, was invited. Kanekoa v. City & County of Honolulu, 879 F.2d 607, 613 (9th Cir.1989), cert. denied, 500 U.S. 933 (1991).
 
 D. Ineffective Assistance of Counsel
 
 9
 Clark contends that his appointed trial counsel was ineffective because he failed to present expert testimony on Newton's Laws of physics. "In a civil case like [Clark's], there is no right to an ineffective assistance of counsel claim." Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991).
 
 E. Claims Raised After Opening Brief
 
 10
 Clark asserts a legion of new claims in a motion filed five months after his opening brief. "[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). We decline to do so here, particularly where the lack of a trial transcript renders meaningful review impossible.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Indeed, the record indicates that Clark, whose criminal history included an escape from custody, an attempted escape, and numerous charges of resisting or assaulting police officers, posed a significant flight risk. See United States v. Kress, 451 F.2d 576, 577 (9th Cir.1971) (upholding district court's use of shackles where defendant "had already once escaped custody"), cert. denied, 406 U.S. 923 (1972)
 
 
 [2]
 Specifically, Clark challenges the instructions: (1) placing the burden of proof on him to establish the elements of his negligence claim; (2) placing the burden of proof on defendants to establish Clark's comparative negligence; (3) allowing the jury to infer that defendants used excessive force if their acts were not reasonably related to a legitimate non-punitive objective