SILAS *v.* STATE.

4978                                337 S. W. 2d 644

Opinion delivered May 23, 1960.

[Rehearing denied September 12, 1960]

*Hugh W. Trantham, Comrade Warrington Knauts,* for appellant.

*Bruce Bennett,* Atty. General by *Clyde Calliotte,* Asst. Atty. General, for appellee.

J. SEABORN HOLT, Associate Justice. January 6, 1960, appellant, A. C. Silas, was tried and convicted on an information charging the crime of possessing stolen

goods, under § 41-3938, Ark. Stats., 1947 (1959 Supp.). His punishment was fixed at ten years in the penitentiary.

The original information, filed August 6, 1959, charged "the defendant, A. C. Silas, of the crime of Possession and disposal of stolen goods, committed as follows, to-wit: The said defendant in May and July, 1959, in the Eastern District of Clay County, Arkansas, did unlawfully, willfully, knowingly, and feloniously possess stolen goods which exceeded the aggregate value of thirty-five dollars ($35.00), knowing said goods to be stolen, with the intent to deprive the true owner thereof, and did dispose of same for a valuable consideration, and that said goods possessed are as follows: One 10 horsepower Evinrude outboard motor, Serial No. 10008-02643; One 10 horsepower Johnson outboard motor, Serial No. 1927540; One 10 horsepower Evinrude outboard motor, Serial No. 10014-09212; One 12 horsepower West Bend outboard motor, Serial 1652, Model 12902; One 2 horsepower West Bend outboard motor, Serial 1983 or 1980 Model 2901; and against the peace and dignity of the State of Arkansas."

The information was later amended by striking out the words "and disposal" from the charge; by correcting and changing the serial number of one of the motors from 10008-02643 to 10018-02643; and by adding another outboard motor describing it as follows: "One 18 horsepower Evinrude Outboard Motor, Serial No. 15024-14804." A long list of the State's witnesses was also attached to this information at appellant's request.

From the judgment comes this appeal. For reversal appellant contends that the trial court erred in allowing the information to be amended, as indicated above, and in refusing to quash it; that the court erred "in allowing the trial to proceed after amending the original information by striking the words 'and disposal' without any notice to the Appellant or Appellants Counsel;" that the court erred in refusing to grant appellant a continuance; and "by proceeding to trial without the State having first filed a Bill of Particulars as requested by Appellant." And finally Silas contends

that on account of the above alleged errors, he has been deprived of due process of law. We do not agree to any of these contentions.

Appellant, although a barber by trade, dealt in buying and selling many things, among them being automobiles, firearms and outboard marine motors. The evidence appears to be overwhelming that appellant induced several teenage boys to steal outboard motors for him and pursuant to this arrangement, six outboard marine motors were stolen and possession delivered to Silas. Silas paid the boys $300.00 for four of these motors. The owners of the stolen motors testified as to the ownership and identified them. One of the youths instrumental in stealing them testified that he, along with companions, delivered the stolen goods to Silas during the late hours of night. Serial numbers of the motors stolen corresponded with those in Silas' possession. Numerous advertisements appeared in the local newspaper offering the sale of motors by Silas with horsepower identical with those stolen.

At the outset appellant is confronted with the fact that he did not file a motion for a new trial incorporating his alleged errors. Therefore, under our long established rule, only such errors as may appear on the face of the record will be considered by this court on appeal. In *Holliman* v. *State,* 213 Ark. 876, 213 S. W. 2d 617, we said: "There is no motion for a new trial in this record, and * * * it is a well settled rule of this court that, where there is no motion for a new trial, only errors appearing on the face of the record will be considered on appeal." As to what constitutes "the record", we said in *Baker* v. *Allen,* 204 Ark. 818, 164 S. W. 2d 1004: "The record proper includes the pleadings, any exhibits thereto, statement showing service of summons, any material order of court preceding judgment, the judgment iself, motion for new trial, the order overruling same, and the grant of appeal."

The trial court did not err in allowing the State to amend the information by striking out the charge of "disposal" of stolen goods and thereby eliminating and

reducing the charge to the one charge of "possession" of stolen goods. Obviously the nature and degree of the crime charged (§ 43-1024, Ark. Stats.) was not changed. The change made was clearly to appellant's benefit and he cannot complain. "The only limitation on such amendment is that it relates to 'matters of form,' and not 'change the nature or the degree of the crime charged,'" *Ingle and Michael* v. *State*, 211 Ark. 39, 198 S. W. 2d 996. In 42 C. J. S., Indictments and Informations, § 237, the author says: "No amendment of the information is necessary in order that the prosecuting attorney may abandon a greater charge and proceed against accused on a lesser one included therein; a simple motion, made verbally in open court, or an announcement of such intention, suffices if made before the trial begins," and § 240, "Accused is not prejudiced by an amendment of an information to charge an offense included within that stated in the original information; and it has been held that an amendment which diminishes the accusation cannot injure accused."

In 27 American Jurisprudence, Indictments and Informations, § 118, we find this language: "Amendments in respect to the description of the offense or of the property involved, where they do not change the nature or degree of the offense are generally held to be proper under statutory authority permitting amendments as to form," and § 121, "* * * it has been held proper, where no substantial change in the nature or degree of the offense is worked thereby * * * to permit an amendment * * * as to the property forming the subject matter thereof."

Appellant contends that the amendment to the information "correcting the serial number of one of the outboard motors, which was otherwise properly described, by the changing of one number, was prejudicial error, and that the amendment of the information by the addition of an outboard motor also constituted error, alleging that these amendments were made without leave of the court." The record reflects that these alleged errors were not made in appellants motion to quash the

information, in his motion for bill of particulars, or in his motion for a continuance and were not made to the court prior to trial, and, as indicated, were not presented in a motion for a new trial; therefore, these contentions came too late and he is now estopped.

We find no merit in appellant's contention that the trial court abused its discretion in refusing to grant his motion for a continuance. Since this alleged error, as indicated, was not preserved in a motion for a new trial, it comes too late. We also quickly dispose of it on its merit by holding that the court did not abuse its discretion in denying a continuance. The court pointed out in overruling this motion that Mr. Hugh Trantham, appellant's attorney of record, contacted the court concerning the bond at the time of appellant's arrest in August and that attorney Trantham had represented appellant since August, 1959. "The fundamental principle running throughout the subject of continuances is that the granting or refusal of a continuance rests in the discretion of the court to which the application is made. Its ruling in reference thereto will not be disturbed by an appellate tribunal unless an abuse of discretion is shown . . .", 12 Am. Jur., Continuance, § 6.

We also hold that the trial court properly denied appellant's request that the State be required to file a bill of particulars. This too was a matter within the sound discretion of the trial court. Our statute relating to Bill of Particulars, § 43-804 Ark. Stats., 1947, provides: "The bill of particulars now required by law in criminal cases shall state the act relied upon by the State in sufficient details, as formerly required by an indictment; that is, with sufficient certainty to appraise the defendant of the specific crime with which he is charged, in order to enable him to prepare his defense . . ." The amended information here clearly charged appellant with the possession of stolen goods (Describing them) which is a felony. The information here itself was sufficient compliance with the law. In addition to the information, appellant, as indicated, was furnished with a copy of the State's witnesses before the trial.

Finally, appellant's contention that he was deprived of due process of law by being put to trial without being informed of that with which he was charged and not furnished a bill of particulars, after a request for same, may also be disposed of against appellant's contention since appellant made no objection on this ground at the trial and did not incorporate it in a motion for a new trial. We point out, however, that in 16-A, C. J. S., Constitutional Law, § 587, under Form and Contents of Indictments or Informations, the text writer has this to say on due process: "* * * a statement of the facts as to matters of detail is not essential. Due process is not denied by charging accused in an indictment containing several counts, each count alleging a different offense, by grouping several misdemeanor counts in one indictment, or by charging that both principals and accessories committed the crime in question . . .

"While it is not doubted that in a sufficiently extreme case, refusal of a bill of particulars would be a deprivation of due process, such refusal does not deny due process where accused has long understood the general nature of the charge and it is evident that, if given, a bill of particulars would be confined to the overt acts alleged.

"* * * So accused is not deprived of his liberty without due process of law by a verdict convicting him of a lesser offense than that charged in the indictment or information, but of the same generic class, or by a statute permitting accused to be charged as a principal and convicted as an accessory."

On the whole case finding no error, the judgment is affirmed.