James Hugh RIDGEWAY v. STATE of Arkansas

5628                                                472 S.W. 2d 108

Opinion delivered October 18, 1971
[Rehearing denied November 22, 1971.]

*Kenneth Coffelt,* for appellant.

*Ray Thornton*, Atty. Gen., by: *John D. Bridgforth*, Asst. Atty. Gen., for appellee.

· GEORGE ROSE SMITH, Justice. The appellant was convicted of assault with intent to kill and was sentenced, as a habitual offender, to imprisonment for 21 years. His contentions for reversal may be grouped together as two separate points.

First, the information, in charging an assault with the intent to kill Gene Ray Cannon, asserted that the assault had been made with a deadly weapon, namely, a knife. The State's proof, however, was that Ridgeway shot Cannon twice with a pistol and that it was a co-assailant, Butch Vaughn, who cut Cannon with a knife. The appellant, citing *Clemons* v. *State*, 150 Ark. 425, 234 S. W. 475 (1921), and similar cases, insists that there was a fatal variance, entitling him to a directed verdict in the court below.

That argument is not sound. In the *Clemons* case the indictment charged that the accused stole two cows belonging to George Carlson, but the proof was that the accused stole a steer belonging to Carlson. We held that the offense proved was not the offense charged. Similarly, we found a fatal variance between an indictment charging the theft of "one cow, the property of Joe Randolph," and proof showing the theft of one cow belonging to Mrs. F. S. Randolph. *Von Tonglin* v. *State*, 200 Ark. 1142, 143 S. W. 2d 185 (1940). The distinguishing fact in such cases is that two essentially different crimes are involved.

Here the only crime charged was assault with the intent to kill Gene Ray Cannon. It was not necessary for the information to include a statement of the act constituting the offense. Ark. Stat. Ann. § 43-1006 (Repl. 1964); *Cluck* v. *State*, 192 Ark. 1036, 96 S. W. 2d 489 (1936). If the appellant's present objection had been made in the trial court, the prosecution would have been entitled to amend the information, since an amendment describing the deadly weapon as a pistol instead of a knife would not have changed the nature of the crime

or its degree. Ark. State. Ann. § 43-1024; *Lee* v. *State,* 229 Ark. 354, 315 S. W. 2d 916 (1958); *Tate* v. *State,* 204 Ark. 470, 163 S. W. 2d 150 (1942). The appellant, however, made no objection in the trial court to the variance between the information and the proof, nor did he plead surprise. In fact, his only possible reference to the matter was his motion for a directed verdict at the close of the State's case. No reason was assigned for the motion, and as we have seen, if the present objection had been made the defect in the information could readily have been corrected by amendment. We find no error.

Secondly, the appellant questions the validity of our habitual-criminal statutes and the manner in which they were applied in this case. The constitutionality of such acts has long been sustained. *Ferguson* v. *State,* 249 Ark. 138, 458 S.W. 2d 383 (1970). Such stautes are , not regarded as *ex post facto* laws, because the increased penalty is considered to be imposed only as punishment for the offense on trial, not for the earlier ones.

In the case at bar the information charged Ridgeway as a habitual offender who had committed nine other felonies. At the close of all the proof the court submitted to the jury the question of guilt or innocence, along with an instruction authorizing the jury to impose a sentence of from one to twenty-one years, that being the range of punishment for a first offender. Ark. Stat. Ann. § 41-606 (Repl. 1964). The jury returned a verdict of guilty and fixed the punishment at imprisonment for nine years.

The State was then permitted to show that Ridgeway had previously been convicted four times for forgery, four times for uttering a forged instrument, and one time for burglary. The court then sent the jury out again, with instructions that if Ridgeway was found to have been guilty of four or more previous offenses, the punishment would range from a minimum sentence of twenty-one years to a maximum of thirty and a half years. The jury then returned a verdict assessing the punishment at twenty-one years.

No prejudicial error is shown. The trial court, in originally submitting the issue of guilt or innocence along with the punishment for a first offender, stated that he was following our holding in *Miller* v. *State*, 239 Ark. 836, 394 S. W. 2d 601 (1965). That procedure, however, was modified by Act 639 of 1967, which contemplates that only the issue of guilt or innocence upon the current charge will be considered by the jury upon its first retirement to the jury room. Ark. Stat. Ann. § 43-2330.1 (Supp. 1969). The court therefore should not have submitted any issue of punishment in the first instance. There was obviously no prejudice, however, because the twenty-one year sentence imposed by the jury was the minimum permissible sentence for assault with intent to kill when committed by one who had been guilty of four or more earlier offenses. Ark. Stat. Ann. § 43-2328 (3) (Supp. 1969). Thus the absence of prejudice affirmatively appears.

Affirmed.