Charles Edward DOLPHUS *v.* STATE of Arkansas

CR 73-163                                    506 S.W. 2d 538

Opinion delivered March 18, 1974

*Harold L. Hall*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings, Jr.*, Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. The appellant was convicted by the trial judge sitting as a jury on two counts of forgery and two counts of uttering and was sentenced, as a habitual criminal, to imprisonment for 15 years on each count with the sentences to run concurrently. The trial court ordered one-third of the sentence to be served before the appellant would be eligible for parole. On appeal to this court appellant contends that the trial court erred in permitting the state to amend the information to conform to the proof.

The information in count one charged appellant with the crime of forgery on or about the 28th day of August, 1972, and count four charged the appellant with the crime of uttering a forged check on or about the 21st day of August, 1972. The state's proof, however, showed that the correct dates should have been the 25th day of August, 1972, for both counts. Over appellant's objections, the trial court permitted the information to be amended to conform to the proof. As authority for his contention that the proof must correspond with the allegations of the indictment, and that the indictment cannot be amended to correspond with the proof, appellant cites *Henderson* v. *State*, 91 Ark. 224, 120 S.W. 966.

We cannot agree with this contention. It is true that

prior to Initiated Act No. 3 of 1936 (Acts 1937 p. 1384) we had held that an indictment could not be amended to correspond with the proof. *State* v. *Springer*, 43 Ark. 91; *Henderson* v. *State, supra*. As was pointed out in *Underwood* v. *State*, 205 Ark. 864, 171 S.W. 2d 304, Initiated Act No. 3 was adopted for the purpose of simplifying criminal procedure and to eliminate some of the technical defenses used by criminals to escape punishment for their crimes. Section 24 of said Act, now Ark. Stat. Ann. § 43-1024 (Repl. 1964), provides for amendments to indictments and reads as follows:

> "The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime charged or the degree of the crime charged. All amendments and bills of particulars shall be noted of record."

Under the provision of this section this court has held that the prosecution is entitled to amend the information where such amendment would not change the nature of the crime or its degree. *Underwood* v. *State, supra;* see also *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W. 2d 108.

The amendment to the information in the case before us did not change the nature of the crime or its degree and, therefore, we conclude that the trial court did not err in permitting the amendment.

Judgment affirmed.