Edward L. PROKOS *v.* STATE of Arkansas

CR 79-3                                              282 S.W. 2d 36

Opinion delivered June 18, 1979
(Division II)

*John W. Achor*, Public Defender, by: *Howard W. Koopman*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. The appellant, Edward L. Prokos, was charged with theft of property in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). The charges arose out of a transaction in which the appellant allegedly sold the rights to an exclusive Arkansas distributorship of chemical products to Harold Parks for $15,000.00. The information alleged that the appellant "did unlawfully, feloniously, take unauthorized control over property having a value in excess of $10,-000.00. . . . "

A jury trial was held on June 14, 1978. After the prosecution rested its case, the appellant and his attorney, the prosecuting attorney and the judge retired to the judge's chambers, where the appellant immediately moved for a directed verdict, claiming that there had been no evidence presented which showed that any property had been "taken, stolen, carried away, rolled away" or "driven away" by the appellant. The prosecuting attorney responded to this motion by stating that it was the position of the state that the appellant had taken unauthorized control over the money paid by Parks when the appellant failed to deliver the chemicals and other materials and supplies he was required to deliver by the distributorship agreement. The trial judge stated that the evidence did not demonstrate an unauthorized taking, but that it did establish a case of theft by deception. The appellant objected to any amendment of the charges, stating that he had not come to trial prepared to defend against a charge of theft by deception. The court, after consideration of Ark. Stat. Ann. § 41-2202 (1) (Repl. 1977), which details the consolidation of theft offenses under the Criminal Code, overruled the appellant's objection and allowed the charge to be amended to allege theft by deception, thereby conforming to the proof. The court then denied the appellant's motion for a continuance, the trial continued and the appellant presented his defense. He was found guilty of theft of property and sentenced to fifteen years' imprisonment in the Department of Correction and a fine of $15,-000.00.

We cannot agree with the appellant's contention that the trial judge erred in allowing the information to be amended to conform to the proof, but do agree that a continuance should have been granted, and therefore reverse the judgment and remand the cause.

Ark. Stat. Ann. § 43-1024 (Repl. 1977) is a codification of the Arkansas case law dealing with the amendment of a criminal indictment as expressed in *Dolphus* v. *State*, 256 Ark. 248, 506 S.W. 2d 538; *Silas* v. *State*, 232 Ark. 248, 337 S.W. 2d 644, cert. den. 365 U.S. 821, 81 S. Ct. 705, 5 L. Ed. 2d 698 (1961) and *Murray* v. *State*, 249 Ark. 887, 462 S.W. 2d 438. The statute reads as follows:.

The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime charged or the degree of the crime charged. All amendments and bills or particulars shall be noted of record.

Ark. Stat. Ann. § 41-2202 (1), the section considered by the trial judge before he allowed the information to be amended, provides:

Consolidation of Theft Offenses. Conduct denominated theft in this Chapter [§§ 41-2201 — 41-2208] constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses. A criminal charge of theft may be supported by evidence that it was committed in any manner that would be theft under this Chapter, notwithstanding the specification of a different manner in the indictment or information, subject only to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

It is clear that this case presents the exact situation for which § 41-2202 (1) was designed. Both "theft by taking unauthorized control" [§ 41-2203 (1) (a)] and "theft by deception" [§ 41-2203 (1) (b)] are contained within the chapter setting out the theft offenses [§§ 41-2201 — 41-2208]. Amending the charge to theft by deception changed neither the nature nor the degree of the crime charged. Both prior to and after the amendment, the appellant was charged with the theft of property having a value of $2,500.00 or more, a Class B felony. The only variation between the initial charge and the charge as amended was the alleged manner of the commission of the theft. Under the provisions of § 41-2202 (1), it is not necessary that the evidence establish the theft was committed in the manner alleged in the indictment or informa-

tion, but rather that the evidence establish the act was committed in *any* manner which would constitute theft of property under §§ 41-2201 through 41-2208. Since a conviction for theft of property having a value of $2,500.00 or more would have been proper even if the charges had not been amended, it was not error for the trial court to allow the charges to be amended to conform to the proof.

A motion for continuance shall be granted only upon a showing of good cause and the trial judge shall take into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case. Rule 27.3, Rules of Criminal Procedure. The granting or denial of a motion for continuance is within the discretion of the trial judge and this court will not reverse the trial judge unless there has been an abuse of that discretion. *Golden* v. *State*, 265 Ark. 99, 576 S.W. 2d 955; *Cotton* v. *State*, 265 Ark. 375, 578 S.W. 2d 235; *Holland* v. *State*, 260 Ark. 617, 542 S.W. 2d 761. An appellant bears the burden of demonstrating an abuse of discretion in the denial of a motion for a continuance. *Freeman* v. *State*, 258 Ark. 496, 527 S.W. 2d 623; *Perez* v. *State*, 236 Ark. 921, 370 S.W. 2d 613. We find that the appellant in this case has met this burden.

The following is the in-chambers colloquy among the judge, the prosecuting attorney and the appellant's attorney on the matter:

THE COURT:
* * *
Of course, I offered to continue it for you and nobody seemed too anxious to do that, but that is neither here nor there. I think I can let the information be amended to conform to the proof and be safe.

MR. GIBSON [Appellant's attorney]:
We did ask for a continuance.

THE COURT:
You did ask for a continuance, and I was ready to grant it for you and thought you should have it.

MR. GIBSON:
We need witnesses now that we don't have.

THE COURT:
Well, they may reverse me, but I'll let it go on.

MR. WILLIAMS [Prosecuting attorney]:
Could we go on the record, and — Mr. Gibson, have I complied completely and fully with your motion for discovery in this case?

MR. GIBSON:
Oh, you have; you did.

THE COURT:
I think that is enough to put you on notice of what the charge is. You're too smart of a lawyer not to know it.

MR. GIBSON:
I thought he was going to stick with his information.

THE COURT:
I think you should have had a continuance, but I am going to overrule you and let it be amended to conform to the proof, which will be theft by deception, over the defendant's strenuous objection and exceptions.

The appellant's attorney indicated to the trial judge that additional witnesses, not essential to the defense against the anticipated charge of theft by taking unauthorized control over the property of another, would be required in a defense against the amended charge of theft by deception. Although § 41-2202 (1) establishes liberal rules in regard to conforming an information or indictment to the proof presented in a prosecution for a theft offense, the same subsection also limits the application of these rules in cases where a defendant's right to a fair trial is possibly endangered by a lack of fair notice or by surprise, the remedy being the trial judge's power to grant a continuance or other relief. It should be noted that the statement that there was full compliance with a mo-

tion for discovery does not show that its nature and extent were sufficient to apprise appellant that he was being charged with theft by deception rather than by taking unauthorized control of property of Parks.

We are not unaware of prior decisions of this court in which it was held that it was not an abuse of discretion to deny a motion for a continuance which was made after the prosecution had amended the information or indictment. See *Scoggins* v. *State,* 258 Ark. 749, 528 S.W. 2d 641 and *Payne* v. *State,* 224 Ark. 309, 272 S.W. 2d 829. However, in both of those cases, the amendment only entailed substituting a different date of the alleged commission of the offense charged. We find that the amendment of the information in this case, although it did not change the nature or the degree of the offense charged, was of great enough significance that the conduct of appellant's defense was prejudiced by lack of fair notice and the denial of the appellant's motion for a continuance was an abuse of the trial court's discretion, requiring that the judgment be reversed and the case remanded for a new trial.

We agree. HARRIS, C.J., and HOLT and PURTLE, JJ.