Maurice Theotis JONES *v.* STATE of Arkansas

CR 81-103                                     627 S.W. 2d 6

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Upon a jury trial, appellant, as a habitual offender, received a life sentence for aggravated robbery, 15 years for theft of property, and a life sentence for kidnapping. Appellant first argues that the court erred in granting the state's motion to amend the aggravated robbery information during the trial and, therefore, he was entitled to a directed verdict in the absence of the amended information. We recite the pertinent facts.

The uncontroverted testimony of the victim was that she had visited her husband in a local hospital, and as she approached her car on the hospital parking lot in the late evening hours, appellant grabbed her, told her he had a gun, placed it against her head, and forced her into her car. She described the weapon as "an army gun. It had a long barrel . . . " While he was driving, he threatened to "blow her head off" several times, demanded her money, and threw her purse in the back seat. The purse contained her husband's wallet and a small sum of her money. At one point he placed his hand on her crotch or vaginal area, saying "If you don't let me lick you, I will kill you." He struck her several times. In defending herself, a button was torn from the shirt worn by the appellant. About thirty minutes after her abduction, she jumped from the car as it was moving slowly. She was picked up by a passing motorist, the police were alerted, and she was taken to a hospital. Shortly thereafter, the police apprehended appellant, who was driving the victim's car. A BB pistol was found in the front seat. Three credit cards belonging to the victim's husband were found in the appellant's pocket. Other identification cards belonging to the victim's husband were found in appellant's right shoe. A torn shirt with a button missing was found in the back seat — the button being found in the front seat.

The information originally charged the appellant with aggravated robbery by violating Ark. Stat. Ann. § 41-2102 (Supp. 1981), alleging that the appellant unlawfully and feloniously employed physical force upon the victim "with the purpose of committing a theft, and did have in his

possession a pistol, a deadly weapon . . . . " After the state rested its case, it was allowed to amend the information to include the additional words of the statute that the appellant "represents by word or conduct that he is so armed."

The appellant argues that the state, by specifically alleging in the original information that a deadly weapon was used, is bound by that allegation and, therefore, he is entitled to a directed verdict since the weapon, a BB pistol, is not a deadly weapon. Neither could the asserted deficiency be corrected by permitting the state to amend the information to conform to the proof that appellant represented he was armed with a deadly weapon. In *Workman* v. *State*, 267 Ark. 103, 589 S.W. 2d 21 (1979), we said:

> It is well settled that the information may be amended during the trial as long as the nature or degree of the crime charged is not changed.

This is authorized by Ark. Stat. Ann. § 43-1024 (Repl. 1977). The state is entitled, under this statute, to amend an information to conform to the proof when the amendment does not change the nature or degree of the alleged offense. *Prokos* v. *State*, 266 Ark. 50, 282 S.W. 2d 36 (1939); *Dolphus* v. *State*, 256 Ark. 248, 506 S.W. 2d 538 (1974); and *Whitley* v. *State*, 140 Ark. 425, 215 S.W. 703 (1919).

Here, the appellant argues, however, that the nature of the crime alleged was changed by the amendment. We have said that an amendment which describes a deadly weapon as being a pistol instead of a knife does not change the nature of a crime nor its degree. *Ridgeway* v. *State*, 251 Ark. 157, 472 S.W. 2d 108 (1971). Further, the original information here sufficiently complied with Ark. Stat. Ann. § 43-1006 (Repl. 1977), which requires that the language of an indictment or information must be certain as to the title of the prosecution, the name of the court in which the indictment or information is presented, and the names of the parties, subject to a bill of particulars. *See Browning* v. *State*, 274 Ark. 13, 621 S.W. 2d 688 (1981). Here, the appellant did not ask for a bill of particulars, plead surprise nor seek a continuance when the court allowed the amendment of the information. The

appellant has demonstrated no prejudice. We hold that the trial court did not err in refusing to grant appellant's motion for a directed verdict on the original allegation of aggravated robbery and then permitting the state to amend the information to conform to the proof.

The appellant next contends the court erred in permitting the state to amend the information with respect to the kidnapping charge. The information, in the words of the statute, charged the appellant with violating Ark. Stat. Ann. § 41-1702 (1) (d) (Repl. 1977) by unlawfully restraining the victim "so as to interfere substantially with her liberty for the purpose of engaging in sexual intercourse or deviate sexual activity . . . . " The information was amended at the close of the state's case, over appellant's objection, to include in the words of the statute, the additional allegation that the appellant proposed to engage in "sexual contact" with the victim. Appellant reiterates his previous argument that this amendment changed the nature of the alleged crime and is, therefore, prohibited by § 43-1024. That statute, however, as indicated, permits the amendment of an information when the nature or degree of an alleged crime is not changed by the amendment. Here, the amendment changed only the manner in which the alleged offense was committed and did not change the nature of the offense charged and was, therefore, proper. *Prokos* v. *State, supra; Workman* v. *State, supra; Ridgeway* v. *State, supra;* and § 43-1006. Here, appellant did not seek a bill of particulars, plead surprise nor seek a continuance. Appellant has failed to demonstrate that he has suffered any prejudice by the court allowing the amendment.

Pursuant to the requirements of Ark. Stat. Ann. § 43-2725 (Repl. 1977), Rule 36.24 of the Rules of Criminal Procedure, and Rule 11 (f) of the Rules of the Supreme Court, we have reviewed the record and all objections and find no errors prejudicial to the appellant.

Affirmed.