Robyn MASINGILL *v.* STATE of Arkansas

CA CR 82-105                                    644 S.W.2d 614

Court of Appeals of Arkansas
Opinion delivered January 5, 1983
[Rehearing denied February 2, 1983.*]

---

*GLAZE, J., not participating.

*Felver A. Rowell, Tom Donovan* and *John Wesley Hall, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant was convicted of tampering with physical evidence and received a sentence under the Class A misdemeanor provisions of Ark. Stat. Ann. §§ 41-901 and 41-1101 (Repl. 1977). During the trial, the State presented for the first time testimony that City Councilman Chester Hesselbein was involved in the crime. When appellant called Hesselbein as a witness to deny such participation, the State objected on the grounds that the appellant failed to furnish Hesselbein's name as a witness during the discovery process. The trial court sustained the State's objection, and appellant proffered Hesselbein's testimony. Hesselbein denied any knowledge or participation in the tampering charge. For reversal, appellant contends the trial court erred in excluding Hesselbein's testimony, and we agree.

In November, 1978, appellant assisted in the investigation of a break-in at the Highway No. 9 Liquor Store. Two men were subsequently charged with breaking or entering and theft of beer and whiskey. The beer and whiskey were inventoried, labeled and stored at the Morrilton Police Department.[1] On May 1, 1980, the men were convicted of breaking or entering but found not guilty of theft. After the trial, appellant took custody of the beer, which had been introduced into evidence, and again stored it in the evidence room at the Police Department. Later, in December, 1980, appellant was charged with tampering with this evidence.

At appellant's trial, the State presented Debbie Reynolds, a former Morrilton Police Department employee, as a witness. She testified that appellant had given the beer, used as evidence in the two men's earlier proceeding, to Councilman Hesselbein. Reynolds said that she gave appellant her

---

[1]Various descriptions were presented of the items actually stored as well as the types of containers in which they were stored. These conflicts have little significance or relevance to the legal issue under consideration in this appeal.

keys to the Department's evidence room; he and Hesselbein entered the room, and Hesselbein emerged with two six-packs of beer and one bottle of whiskey under his arm. However, appellant testified that he destroyed the beer that had been stored in the evidence room, and only after the State deputy prosecuting attorney told him that he could do so.

Obviously, the State's case centered around Reynold's testimony, which implicated both appellant and Hesselbein in the alleged tampering. However, the State's charges against appellant never revealed that any other person was involved in the alleged crime. In a criminal case, the Bill of Particulars must state the act relied upon by the State with sufficient certainty to apprise the defendant of the specific crime and to enable him to prepare his defense. *See* Ark. Stat. Ann. § 43-804 (Repl. 1977); and *Edens* v. *State,* 235 Ark. 996, 363 S.W.2d 923 (1963). Here, the State withheld details of the crime to which appellant was entitled and in doing so clearly served to frustrate his defense preparation.

In addition, appellant filed a motion for discovery pursuant to Rule 17.1 of the Arkansas Rules of Criminal Procedure requesting, among other things, the names of all State witnesses and any exculpating information in the prosecuting attorney's possession. When furnishing his list of witnesses to the appellant, the prosecutor did not mention Reynolds by name but did state that he would call representatives of the Morrilton Police Department. Of course, Hesselbein was neither named specifically nor under a broad representative category of potential witnesses. The record does reflect that appellant, on his own initiative, did attempt to interview Reynolds before trial, but that she refused.

In sum, there is nothing in the record that shows appellant had any reason to believe Reynolds would testify and implicate appellant *and* Hesselbein in the crime charged. To the contrary, we can only assume from the evidence presented that the prosecutor and Reynolds were the sole persons who knew of Hesselbein's alleged involvement in the crime. The State never charged Hesselbein as a principal or an accomplice. Nor did it intend to call Hesselbein as a witness. When he was called as a witness

—by appellant — Hesselbein's proffered testimony tended to negate appellant's guilt of the tampering charge. Under Rule 19.2 of the Arkansas Rules of Criminal Procedure, the prosecutor had a continuing duty to notify appellant of any additional material or information comprehended by appellant's prior discovery motion. In conclusion, the prosecutor not only failed to comply properly with appellant's discovery motion but also, as previously discussed, he improperly withheld details of the alleged crime which should have been set out in the State's Bill of Particulars. For these reasons, we reverse.

Appellant raised a second issue, arguing the trial court erred in refusing to reduce his conviction to a Class B misdemeanor. While we may find merit in his argument, it is unnecessary to address that issue since we reversed for other reasons. We have no reason to believe this second issue will recur at a retrial of this case.

Reversed.