STATE of Arkansas *v.* Levert BROWN

CR 84-78                                   675 S.W.2d 822

Supreme Court of Arkansas
Opinion delivered October 1, 1984

*Steve Clark,* Att'y Gen., by: *Randel Miller,* Asst. Att'y
Gen., for appellant.

*Jerome Kearney,* for appellee.

WEBB HUBBELL, Chief Justice. Appellee Levert Brown
was charged with violating Act 549 of 1983 [Ark. Stat. Ann.
§§ 75-2501—75-2533 (Supp. 1983)], driving while intox-
icated (D.W.I.), fourth offense. The Circuit Court granted
appellee's pre-trial motion to suppress evidence of his three
prior D.W.I. convictions because in those earlier pro-
ceedings he was not represented by counsel. The court then
refused to grant appellant's motion to amend the charges
against appellee to D.W.I., first offense, and granted appel-
lee's motion to dismiss the case. We affirm the suppression

of the prior convictions, but we reverse the court's denial of the motion to amend.

The first issue is whether *Baldasar* v. *Illinois*, 446 U.S. 222 (1980) bars prior uncounseled misdemeanor convictions from being used to enhance punishment for a subsequent offense. In *Baldasar* the prosecution sought the introduction of a prior uncounseled misdemeanor theft conviction to support the enhancement of a second misdemeanor theft to a felony. In a plurality opinion, the United States Supreme Court held that while an uncounseled misdemeanor conviction is valid, if the offender is not incarcerated, such a conviction may not be used under an enhancement statute to convert a subsequent misdemeanor into a felony punishable by a prison term.

This case presents a similar situation. The prosecutor sought the admission of three prior D.W.I. convictions which by his own admission were obtained in uncounseled proceedings. Section 4 of Act 549 sets the prison term for violation of Section 3 of the Act. The first offense is punishable by imprisonment from twenty-four hours to one year; the second offense, imprisonment from seven days to one year; the third offense, imprisonment from ninety days to one year; the fourth offense, imprisonment from one to six years. Appellant argues that the *Baldasar* decision is a mere plurality opinion and that its reasoning should not bind this court, but a fourth offense of the Arkansas D.W.I. law imposes an even lengthier prison term than the statute in *Baldasar*, and the holding still controls the facts in this case. We affirm the trial court's suppression of the three uncounseled prior convictions.

After the trial court suppressed defendant's uncounseled prior convictions, the state sought to amend the information to D.W.I., first offense. Neither appellant or appellee raised the constitutionality of Section 8 at the trial court or an appeal, so those issues will not be considered. *Griggs* v. *State*, 280 Ark. 339, 658 S.W.2d 371 (1983).

The court denied the state's motion hold that Section 8 of Act 549 prevents the charge from being reduced. Section 8

states: "Persons arrested violating Section 3 of this Act shall be tried on such charges or plead to such charges and no such charges shall be reduced." Section 3 provides: (a) "It is unlawful and punishable in this Act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle."

The trial court found the word "reduced" to mean a reduction in the penalty provisions of the statute. But Section 8 refers to Section 3 of the Act. The penalty provisions are found in Sections 4 and 5 of the Act.

A particular provision of a statute must be construed with reference to the statute as a whole. 2A Sutherland, *Statutory Construction* § 46.05. The "no reduction" language of Section 8 applies to the reduction of the offense, such as to reckless driving, not to the number of offenses.

The state is entitled to amend an information to conform to the proof when the amendment does not change the nature or degree of the alleged offense. Ark. Stat. Ann. § 43-1024 (Repl. 1977); *Jones* v. *State*, 275 Ark. 12, 627 S.W.2d 6 (1982). Such authorization simplifies procedure and eliminates some technical defenses by which an accused might escape punishment. *Underwood* v. *State*, 205 Ark. 864, 171 S.W.2d 304 (1943). The change sought by the state would not have changed the nature or degree of the offense but would merely have authorized a less severe penalty. See *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977) and *Silas* v. *State*, 232 Ark. 248, 337 S.W.2d 644 (1960). The trial court erred in refusing to allow the state to amend the information.

Affirmed in part, reversed in part.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Few, if any, Acts of the Arkansas General Assembly have received as much attention and publicity as has Act 549 of 1983. It is common knowledge that one primary objective of this Act was to prohibit trial judges from reducing second, third or fourth

charges of DWI to first offense charges. The language is clear and unambiguous when its states: "Persons arrested violating Section 3 [§ 75-2503] of this Act shall be tried on such charges or plead to such charges and no such charges shall be reduced." The clear and simple language used by the General Assembly obviously was intended to prohibit judges from reducing charges such as the one involved in this case. We must give effect to the legislative intent. *Hice* v. *State,* 268 Ark. 57, 593 S.W.2d 169 (1980). I believe the legislature is capable of understanding the language used in this much debated legislation. It is not the concern of this Court whether the legislation results in fewer convictions and less revenue than the previous law on this subject. We should give this legislation the result obviously intended by the General Assembly. *Henderson* v. *Russell,* 267 Ark. 140, 589 S.W.2d 565 (1979).

The State in clear and unequivocal terms requested the court to reduce the fourth offense charge to a first offense charge. This flies in the face of the plain meaning of Act 549. The trial court followed the letter and intent of the law, in my opinion.

There is a question in my mind as to whether this Act is unconstitutional inasmuch as it appears to prohibit a trial court from reducing a charge from third offense to second offense, etc. If the proof in a particular case clearly establishes that an accused is guilty of a first, second or third offense the court is powerless to convict the offender if he has been charged with a fourth offense. However, that question is not presented in this case.

I would affirm.