Dr. Nancy Ellen Talburt, Chair Commission on Community Based Rehabilitation ADMIN 222 University of Arkansas Fayetteville, Arkansas 72701
Dear Dr. Talburt:
You have requested an Attorney General's opinion on the following issues:
 1. Whether Sections 4(d)(i) and (ii) of Act 378 of 1975, as amended, which are codified as Ark. Stat. Ann. 43-2342(d)(i) and (ii) (Supp. 1985) (a part of the Alternative Service Act), permit an inmate to be eligible for alternative service and eligible for pardon and/or parole.
 2. Whether the Commission may have access to the names of individuals who have completed service under Act 378 and whose records have been expunged under the terms of the Act for purposes of requesting comment and evaluation of the effectiveness of the program or whether the expungement of their records prohibits the Commission from access to the names of such individuals.
 3. Whether Act 378 constitutes an "enhancement" provision for purposes of sentencing.
Your first question refers to Ark. Stat. Ann. 43-2342 which establishes the alternatives in sentencing available to a trial court once the trial court has determined that a convicted person is eligible for being diverted under the provisions of the Alternative Service Act. Specifically, 43-2342(d) to which you refer provides as follows:
 (d) Sentencing the eligible offender to the custody of the Department of Correction under applicable penalty provisions provided by law for the offense for which he is convicted with the following provisions:
 (i) That the eligible offender so sentenced shall be subject to transfer by the Director of Corrections, upon the approval of the Commission, as provided in Section 5 of this Act; and
 (ii) That the offender will be eligible for pardon and/or parole in the same manner and within the same time as he would have been had he not been sentenced under the provisions of this Act as an eligible offender.
Applying the plain meaning to this statute, it provides that once, a trial judge has found a convicted person to be an eligible offender under the Alternative Service Act, he may sentence the convicted person under the applicable penalty provisions provided by law for the offense for which he was convicted with two provisions. First, that the eligible offender shall be subject to transfer to an alternative service program as provided in Section 5 of the Act. Second, the offender shall be eligible for pardon and/or parole in the same manner and within the same time as he would have been had he been sentenced under the provisions of this Act as an eligible offender.
There is nothing in the wording of the statute that would suggest that when an inmate becomes eligible for or accepts alternative service he would lose eligibility for pardon or parole. In fact, such an interpretation would be contrary to the plain wording of the statute. Thus, it is my opinion that a person sentenced under 43-2342(d) and subsequently transferred to an alternative service program would still be eligible for pardon or parole.
Your second question asks about access by the Commission on Community Based Rehabilitation to the names of individuals who have completed service under Act 378 and whose records have been expunged. You indicate that the Commission wants to request comment on and evaluation of the effectiveness of the program from individuals who have completed service under the program.
With respect to expungement, Ark. Stat. Ann. 43-2344 (Supp. 1985) provides as follows:
 Upon completion of sentence or probation imposed under this Act [43 — 2339 — 43-2349, 43-2807, 46-101], the Director shall direct that the record of the eligible offender be expunged of the offense of which the eligible offender was convicted, except under such circumstances as may be determined by rules and regulations promulgated by the Commission with the advice and consent of the Director. An in the case of such expungement, the eligible offender shall be entitled to a Certificate of Expungement to that effect. Upon the expungement of such record, as to that conviction, the person whose record was expunged may thereafter state in any application for employment license, civil right, or privilege, or in any appearance as a witness that he has not been convicted of the offense for which he was convicted and sentenced or placed on probation under the provisions of this Act.
The Act clearly provides for expungement of the offense except under such circumstances as may be determined by rules and regulations promulgated by the Commission with the advice and consent of the Director.
Thus, it is my opinion that the Commission has the authority to promulgate rules and regulations which would provide for access by the Commission to the names of those who have completed service under the Act for the purposes you outlined even after the expungement of the record.
Your third question is in reference to Johnnie Lee, an inmate in the Department of Correction. Mr. Lee was convicted of attempted murder, a felony, in 1943. In 1985, he was convicted of delivery of a controlled substance, a felony, and was sentenced under Act 378. However, by the express terms of act 378, a person over the age of 26 who has one or more previous felony convictions shall not be an "Eligible offender" under the Act and therefore cannot be diverted under the provisions of the Act. See Ark. Stat. Ann. 43-2340(f) (Supp. 1985). Mr. Lee was over the age of 26 on the date of his conviction in 1985.
It appears that the trial judge found Mr. Lee to be an eligible offender under Act 378 by relying on a body of caselaw that holds that prior convictions cannot be used for purposes of enhancement of sentence if the person was not represented by counsel or did not waive his right to counsel. See Baldasaar v. Illinois,446 U.S. 222 (1980) (plurality opinion); Lovell v. State, 283 Ark. 425,678 S.W.2d 318 (1984); State v. Brown, 283 Ark. 304,675 S.W.2d 822 (1984).
Without addressing whether Mr. Lee's 1943 conviction was counseled or not, it is my opinion that Act 378 does not provide for enhancement within the meaning of Baldasaar v. Illinois. In Baldasaar, the Court held that an uncounseled misdemeanor conviction without a jail sentence could not be used to enhance the penalty of a subsequent conviction so as to subject to defendant to jail time. Act 378 does not operate in such a way as to enhance the penalty imposed on any defendant.
Moreover, it is my opinion that even if Mr. Lee's conviction was entered without the benefit of counsel, it can still be used to prevent Act 378 from being applied to him. See Lewis v. United States, 445 U.S. 55 (1980); Reynolds v. State, No. CACR 86-38 (Ark.App. July 9, 1986). While an uncounseled prior conviction may not be used to enhance a person's sentence, the Lewis case stands for the proposition that such a conviction may be used to determine a person's status as a convicted felon, because the focus is not on the reliability of his prior felony conviction, but on the mere fact of his prior conviction. Id.,445 U.S. at 67. As a person over the age of 26 with a prior felony conviction, Mr. Lee was ineligible for diversion under Act 378.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Jack Gillean.
Sincerely,
Steve Clark Attorney General